141 So. 726

### RAILWAY EXPRESS AGENCY v. BROWN.
### 6 Div. 179.

Court of Appeals of Alabama.
April 5, 1932.

Rehearing Denied May 10, 1932.

L. B. Bewley and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Judge & Nesmith, of Birmingham, for appellee.

BRICKEN, P. J.

Appellee brought suit against appellant claiming damages for personal injuries un-

der a simple negligence count, to which appellant pleaded in short by consent. The cause was tried by the court without the intervention of a jury, and resulted in a judgment for plaintiff for $125. Appellant, insisting that judgment should have been rendered in its behalf, appealed to this court.

The facts adduced upon the trial as shown by the record are substantially as follows: "Appellee was working in an excavation or ditch which extended half way across First Alley, between Twentieth and Twenty-First Streets, in City of Birminghan. His head or body extended eight or ten inches above the level of said alley and appellant's driver saw him and the work in progress when he drove his truck into the entrance of said alley. There was a parked truck a few feet beyond and across from the southern extremity of said excavation, leaving just enough room for a vehicle to pass between. Appellant's driver attempted to pass between said excavation and parked truck with a truck equipped with double tires and in so doing ran over the corner of said excavation, at which time he raced his motor, and his rear wheels 'started to skidding and spinning.' The result of this was that 'stuff began to fly' and a Belgian block of stone was thrown against appellee's head and he was thereby injured."

■ Where a case is tried by the court without a jury upon oral testimony, as here, the appellate court will not disturb the judgment, unless it is plainly erroneous, but will accord thereto the same weight as that of a verdict of the jury.

■ In a most excellent brief appellant insists that upon the undisputed facts judgment should have been rendered in its favor. To this insistence we do not accord, for we are of the opinion, if the case had been tried by a jury, the court would have had no authority to direct a verdict, as the law is, if there is any evidence, however weak and inconclusive it may be, tending to make a case against a party, such party is not entitled to have a directed verdict. Ode Grimes v. State, 24 Ala. App. 378, 135 So. 652.

■ Appellant's agent admittedly was aware of the condition of the thoroughfare through which it undertook to pass. He was familiar also with the equipment of the truck he was driving, as well as the close proximity of appellee, and we are of the opinion a question of fact as to his negligence was presented when he undertook to drive said truck through and over the patently dangerous and precarious place; his act in so doing having been the proximate cause of the admitted injury to appellant.

This is the only question involved upon this appeal, except the insistence that the damage awarded was excessive. We do not think so, and will not order a remittitur of any part of the judgment; it being, in our opinion, reasonable and fair. Further discussion appears unnecessary. The judgment from which this appeal was taken is affirmed.

Affirmed.