25769. BURSON, Director v. COLLIER.

Argued April 15, 1970—Decided June 8, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Dorothy T. Beasley, Deputy Assistant Attorney General,* for appellant.

*Howard, Howard & Hall, Pierre Howard, Sr., William V. Hall, Jr.,* for appellee.

ALMAND, Chief Justice. This case is an appeal from an order entered on January 15, 1970, declaring void an order entered by the Department of Public Safety, which suspended the appellee's driver's license. The court also enjoined the Department from proceeding further against the appellee. The appellee's license was suspended for refusing to take a breath test for alcohol content, which consists of blowing up a balloon.

■ (a) The first question raised by the appellant has to do with whether or not the superior court exceeded its jurisdiction in reversing the judgment of the agency.

Appellant points out that *Code Ann.* § 3A-120 (b) (Ga. L. 1964, p. 338) provides in part: "The petition (for review) shall state . . . the ground as specified in subsection (h) of this section upon which petitioner contends that the decision should be reversed or modified." Subsection (h) lists the grounds on which such appeals may be taken. It goes on to say that, "The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because (of) the administrative findings, inferences, conclusions, or decisions."

The appellant points out that the superior court judge made no finding that substantial rights of the appellee were affected by the decision. The sole basis for reversal was insufficiency of evidence. Appellant argues that this shows a lack of jurisdiction in the superior court, which appears on the face of the order. We disagree.

Whenever a superior court judge is required by law to make certain findings in order to return a verdict, the presumption is that he has made the required findings, absent a showing to the contrary. This presumption applies even if the required findings are not specifically set out in the order. *Pritchett v. Pritchett*, 219 Ga. 635 (135 SE2d 417).

(b) Appellant alleges that the court below exceeded its jurisdiction for another reason. As was stated above, *Code Ann.* § 3A-120 (h) (Ga. L. 1964, p. 338) sets out the grounds upon which a superior court may overrule the decision of an administrative agency. Appellant urges that the court below decided the case on the basis of grounds contained in subsection (h) which were different from those set out by the appellee in his petition. Appellant argues that this constitutes an abuse of discretion by the lower court.

In his petition the appellee prayed: "That the court declare the order of November 5th by Captain D. S. Harris, Jr. void because of an insufficiency of evidence." In the order appealed from, the court below quoted the above prayer verbatim, then said, "This ground is affirmed and the revocation is found to have been void as there is no finding of fact in this case by the hearing officer that advise [sic] that this appellant in fact refused to submit to the test required by law."

It seems to us that the court below did not decide the appeal on grounds other than those raised by the appellant. We do not, therefore, reach the question of whether or not it would have been error for the court to do so.

■ The second major question in this case involves whether or not the appellee "refused" to take the test under the appropriate Code section. The evidence shows that he twice blew air into the balloon, but that the officer told him that he had not blown in enough air to complete the test. Upon being told

that he needed to inflate the balloon further, the appellee replied that he was unable to do so. He was told by the Intoximeter operator that the failure to complete the test constituted a refusal and that his driver's license could be suspended for six months. The appellee then replied that he suffered from emphysema, and that he was unable to complete the test beyond the point to which he had completed it before.

The key to this whole problem is the officer's statement that appellee's failure to complete the test constitutes a refusal. We do not think so. The Code section controlling here is *Code Ann.* § 68-1625.1 (Ga. L. 1968, p. 448). That Code section provides that a person's driver's license can be suspended for six months if he "refuses the request of a law enforcement officer to submit to a chemical test."

The appellee twice blew air into the balloon, but the examiner said that this was not a complete test. The statute, however, does not set out what does constitute a complete test.

If appellee loses his driver's license for six months, he will be greatly hindered in the use and enjoyment of an item of his personal property, to wit, his car. Therefore, the statute should be strictly construed. *Boockholdt v. Brown*, 224 Ga. 737 (164 SE2d 836). Since the statute does not set out what constitutes a complete test, we do not think it a salutary practice to let the Intoximeter operator have an unfettered right to determine what is or is not a complete test. Where the statute fails to set out what constitutes a "complete" test, we hold that a showing that the appellee did not complete this test (within the judgment of the operator) is not evidence of a "refusal to submit" within the contemplation of that Code section.

*Judgment affirmed. All the Justices concur.*