■ In the Matter of RICHARD O'DEA, Respondent, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Appellant.— Judgment unanimously reversed, without costs, and determination of Commissioner of Motor Vehicles confirmed. Memorandum: The Commissioner appeals from Special Term's order which annulled the revocation of petitioner-respondent's driver's license for "refusing to take the intoximeter test". Petitioner was arrested on May 29, 1969 at 3:40 A.M. for driving while intoxicated. He was taken to the State police barracks and was requested to submit to a chemical test after having been properly informed of the consequences of his refusal to do so. The request was made at least three times and each time petitioner refused notwithstanding the warning that his refusal was ground for revocation of his license. After these refusals petitioner's wife persuaded him to agree to take the test and he was then taken to a nearby hospital where he once again refused to submit to the test. This occurred about one hour and ten minutes after his arrest. He was returned to the barracks and after some discussion

he once again indicated that he might take the test. At this point, because of the antecedent circumstances, the officer refused to do anything further about the test. We cannot agree with Special Term's holding that petitioner did not knowingly refuse to take the test. The evidence substantially supports the finding that the arresting officer had reasonable grounds to believe petitioner was driving while intoxicated (*Matter of Foster* v. *Tofany*, 31 A D 2d 987; *Matter of Sullivan* v. *Hults*, 27 A D 2d 746). There was proper and sufficient warning as to the consequence's of refusal to take the test (*Matter of Korotki* v. *Tofany*, 38 A D 2d 738; *Matter of Connors* v. *Tofany*, 37 A D 2d 402). It was within the province of the trier of the facts to judge credibility and the inferences to be drawn from the testimony. As was recently stated by this court: "The two-hour statutory period for administering the test (Vehicle and Traffic Law, § 1192, subd. 3) was established as a criterion for determining the admissibility into evidence of the results of the test and not to confer additional privileges upon an arrested driver or to extend his rights with respect to submitting to the test (*Matter of Dobbins* v. *Tofany*, 38 A D 2d 870; *Matter of Donahue* v. *Tofany*, 33 A D 2d 590, mot. for lv. to app. den., 25 N Y 2d 744)" (*Matter of Sawyer* v. *Tofany*, 41 A D 2d 583). Special Term relied on *Matter of Sweeney* v. *Tofany* (30 A D 2d 934) where the officer misled petitioner to believe that the test was optional and that no penalty would result from his refusal to take the test, and on *Matter of Jentzen* v. *Tofany* (33 A D 2d 532) where petitioner was not informed that refusal would be a ground for revocation. These cases are readily distinguishable. The revocation of petitioner's license is supported by substantial evidence and should be confirmed. (Appeal from judgment of Niagara Special Term granting petition and restoring driver's license.) Present — Goldman, P. J., Marsh, Cardamone, Simons and Henry, JJ.