In the Matter of Driver's License of Vonda COUNTS, Petitioner-Appellant.

No. 9684.

Missouri Court of Appeals, Springfield District.

June 3, 1974.

Ruddy & Hopkins, Marble Hill, for petitioner-appellant.

John C. Danforth, Atty. Gen., Robert L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

The Circuit Court of Wayne County overruled appellant's petition for reinstatement of his driver's license upholding the revocation of the license by the Director of Revenue pursuant to § 564.444, RSMo 1969, V.A.M.S., for the refusal by appellant to submit to a chemical test [breathalyzer] following his arrest for driving while intoxicated. We affirm.

At the hearing on appellant's request for review the evidence consisted of the testimony of appellant and the arresting officer. The trial court, in denying appellant the requested relief, made the following findings: "1. That [appellant] was arrested. 2. That the arresting officer had reasonable grounds to believe [appellant] was driving while in an intoxicated condition, and 3. That [appellant] refused to submit to the test."

In his appeal appellant's only challenge is to the court's finding that he refused to submit to a chemical test. He contends that the evidence on this issue was insufficient and that the state's proof, at most, tended only to show that he made an equivocal and doubtful reply to an earlier uncertain and indefinite statement he had made in response to the officer's request that he take the test. As support for his position appellant relies on Thomas v. Schaffner, 448 S.W.2d 319 (Mo.App. 1969), which holds an express or unequivocal refusal to take the statutory test is necessary before revocation is authorized. Also see Hester v. Spradling, 508 S.W.2d 194 (Mo.App.1974).

The scope of our review is governed by Rule 73.01(d), V.A.M.R., and while it is our duty to review the cases both upon the law and evidence the determination and judgment of the trial court is not to be set aside unless clearly errone-

ous, giving due regard to the opportunity of the lower tribunal to judge of the credibility of the witnesses. Further, that where there is a direct conflict in the testimony deference is to be given the trial court's conclusions. Nutz v. Shepherd, 490 S.W. 2d 366 (Mo.App.1973).

■ While it is true that the record reflects a positive denial by appellant of his refusal to submit to the breathalyzer, the transcript also demonstrates an equally positive statement by the arresting officer that appellant did in fact refuse to take the test. An experienced trial judge heard and observed the two witnesses as they recounted the events and conversations which began with appellant's arrest and ended with his incarceration in the Wayne County jail and the court resolved the conflicting testimony against the appellant. On the record presented we cannot say that the trial court's judgment is based on findings of fact which are "clearly erroneous." No error of law appears and a detailed opinion would have no precedential value.

Affirmed pursuant to Rule 84.16, V.A. M.R.

HOGAN, C. J., and STONE and TITUS, JJ., concur.