Naomi M. GAGE, Plaintiff-Appellant,

v.

Dorothy J. GAGE, Defendant-Respondent.

No. 35822.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 6, 1974.

Brown, Wright & Willbrand, Scott O. Wright, Larry M. Burditt, Columbia, for plaintiff-appellant.

McQuie & Deiter, Daniel W. Deiter, Montgomery City, for defendant-respondent.

GUNN, Judge.

Appeal from judgment in an equity action denying plaintiff-appellant's petition for contract rescission and granting defendant-respondent's counterclaim for specific performance of a contract. We affirm the judgment.

Plaintiff filed suit against defendant seeking an order of court declaring that a certain contract for the sale of property by the plaintiff and her husband to defendant and her husband had been destroyed and rescinded. Defendant counterclaimed for a decree of specific performance of the contract. Judgment of the trial court was for defendant on plaintiff's petition and defendant's counter claim, and plaintiff was directed to specifically perform the terms of the contract. The issue on which the determination of this case rests is whether there is sufficient evidence to support the trial court's judgment.

Plaintiff and her husband were parents of defendant's husband. Both husbands were deceased at the time of trial. By contract dated September 14, 1968, plaintiff and her husband agreed to sell their 220 acre farm in Montgomery County, Missouri to defendant and her husband for $100 an acre and 4% interest on the unpaid balance to be paid in equal annual installments of $1,408.44. Duplicate originals of the contract were signed by the four parties (plaintiff and her husband; defendant and her husband.) Defendant and her husband farmed the 220 acres and made some permanent improvements thereon. Annual payments of $1,500 were made to plaintiff and her husband with each payment check bearing the word "rent."

Plaintiff testified that in July, 1969 plaintiff's husband and defendant's husband agreed to tear up the contract for sale of the farm and that two documents alleged by plaintiff to be the two executed copies of the sale contract were destroyed in plaintiff's presence. According to plaintiff, her husband and defendant's husband agreed that the property would be rented to defendant and her husband for $1,500 per year. Defendant denied that she had ever discussed rescission with her husband or authorized him to rescind or destroy the contract for sale, and at trial defendant produced one of the two fully executed copies of the sales contract. Defendant's explanation of the "rent" notation on the checks was that all the parties had agreed that payments on the purchase price of the farm were to be paid for "like rent." There was independent corroborating testimony that plaintiff's husband had told a neighbor that the 220 acres had been sold by contract to defendant and her husband and that payments for the purchase were to be paid "like rent." There was also conflicting testimony as to whether defendant and her husband planned to increase or decrease farming operations on the 220 acres subsequent to the alleged destruction of the sales contract, with plaintiff asserting that if farming operations were decreased such would be an indicator that defendant and her husband were only renting the property as opposed to owning it permanently. Defendant points to the permanent improvements as manifestation of ownership of the land.

The trial court resolved conflicts in evidence in favor of defendant and thereby found the issues in favor of defendant on plaintiff's petition and in favor of defendant on defendant's counterclaim. The judgment of the trial court was that defendant was entitled to have the contract for the sale of the 220 acres specifically performed with defendant to make payments as required by the agreement and for plaintiff to execute and deliver to defendant a deed to the 220 acres upon defendant's compliance with the terms of the contract.

Plaintiff charges that the trial court erred in granting specific performance of the contract for sale for the reason that it had been rescinded and that there was evidence to support the fact of rescission. Defendant counters that she had not authorized her husband to rescind the contract; that she had no knowledge of any purported rescission; and that, in fact, there had been continued performance of the contract by her and her husband.

█ Assuming arguendo that defendant's husband agreed to a modification or rescission of the contract of sale, it is essential to plaintiff's case to establish that defendant knew of and assented to the acts of her husband. The marital relationship alone is not sufficient to bind a wife to the action of her husband regarding an alteration or rescission of a contract. Rimer v. Hubbert, 439 S.W.2d 5, 7 (Mo.App.1969). It is clear that defendant was a party to the contract—her signature was affixed thereto. It is equally perspicuous that a conflict exists in the testimony of plaintiff and defendant as to whether there was a rescission of the contract by defendant's husband or, if so, whether defendant ratified such rescission. In our review of this case, we are governed by Rule 73.01(d), V.A.M.R., and the tenet that we are not to set aside the judgment of the trial court unless clearly erroneous, giving due regard to the trial court's opportunity to judge the credibility of the witnesses. We give deference to the trial court's conclusions where there is conflict of testimony. Pittman v. Great American Life Ins. Co., 512 S.W.2d 857 (Mo.App.1974); In re Counts, 511 S.W.2d 923 (Mo.App.1974); Hawn v. Hawn, 505 S.W.2d 459 (Mo.App.1974). On the record before us we cannot say that the trial court was clearly erroneous in its determination of the case. Therefore, the judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.