310 So.2d 223

**STATE of Alabama and Eldred C. Dothard, as Director of the Dept. of Public Safety**

**v.**

**Doris Holley RAJALA.**

**Civ. 455.**

Court of Civil Appeals of Alabama.

March 19, 1975.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

Elno A. Smith, Jr., Montgomery, for appellee.

BRADLEY, Judge.

The appellee, Doris Holley Rajala, was arrested and charged with driving a motor vehicle in the City of Montgomery, Alabama while under the influence of intoxicating beverages. She was taken to the county courthouse by the arresting officers and was directed to submit to a chemical test of her breath for the purpose of ascertaining the alcoholic content of her blood. The officer administering the test stated that she refused to take the test and filed the required form with the Director of Public Safety showing such refusal. Pursuant to this report the Director suspended appellee's driver license for a period of forty-five days. Title 36, Section 154(c), Code of Alabama 1940, as Recompiled 1958. She asked for an administrative hearing, and it was duly held with the results being to continue the suspension. Title 36, Section 154(c) and (d), Code of Alabama 1940, as Recompiled 1958. From this order of suspension appellee petitioned the Circuit Court of Montgomery County to review the matter. Title 36, Section 154(d), *supra*. The Director of Public Safety, appellant here, then filed a motion to dismiss the petition and this motion was treated as an answer and the case came on for trial before the court sitting without a jury.

After hearing the evidence from both sides, the court found that appellee had not refused to take the breath test for intoxication as directed and ordered reinstatement of her driver license. From that order the Director has appealed to this court.

The question for decision here as it was in the trial court is whether appellee refused to take the breath test for the purpose of ascertaining the alcoholic content of her blood.

Title 36, Section 154(a), Code of Alabama 1940, as Recompiled 1958, provides in part as follows:

"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this chapter, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense arising out of acts alleged to have been committed · while the person was driving a motor vehicle on the public highways of this state while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law-enforcement officer having reasonable grounds to believe the person to have been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. . . ."

Section 154(c) is also in part as follows:

"If a person under arrest refuses upon the request of a law-enforcement officer to submit to a chemical test designated by the law-enforcement agency as provided in paragraph (a) of this section, none shall be given . . . ."

The officer administering the test testified that appellee physically refused to take the breath test in that she would partially fill the balloon with air and then stick her tongue in the hole and would not blow into the balloon any more. This effort occurred six or seven times. The officer then terminated the testing.

Appellee testified that she had a pinched nerve in her back and used a walking stick. She also said that she suffered from asthma and emphysema. She further stated that she was under the care of a physician and on medication. She said she blew into the plastic bag as hard as she could but could not completely inflate it. She contends that she did her best to comply with the directions of the officer to fully inflate the bag.

These were the only witnesses testifying and their testimony is in conflict, and, since this was a de novo hearing, Title 36, Section 154(e), Code of Alabama 1940, as Recompiled 1958; Title 36, Section 68, Code of Alabama 1940, as Recompiled 1958; and Ex parte State, 262 Ala. 188, 78 So.2d 322, it became the duty of the trial court—which was sitting without a jury—to resolve the conflict, if it could, and to weigh the evidence for and against the issue of whether or not appellee refused to take the breath test for determining the alcoholic content of her blood. In re Counts, 511 S.W.2d 923 (Mo.App.1974).

The question presented to the trial court for its resolution was a factual one, Funke v. Dept. of Motor Vehicles, 1 Cal.App.3d 449, 81 Cal.Rptr. 662, and it found in favor of appellee, i. e., it concluded from the evidence that she had not refused to submit to the breath test, but had been unable, due to physical impairment, to complete the test. See Burson v. Collier, 226 Ga. 427, 175 S. E.2d 660; Dept. of Public Safety v. Orr, 122 Ga.App. 439, 177 S.E.2d 164.

To reverse the trial court in this instance would require a finding by this court that the weight of the evidence was so decidedly against its judgment as to require a decision by us that the trial court's order was palpably wrong. Railway Express Agency v. Brown, 25 Ala.App. 121, 141 So. 726; In re Counts, *supra*. That we cannot do.

For the reasons above noted, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.