### 51192. PFEFFER v. DEPARTMENT OF PUBLIC SAFETY.

CLARK, Judge.

"Not drunk is he who from the floor
 Can rise alone and still drink more;
But drunk is he, who prostrate lies,
 Without the power to drink or rise."[1]

That fabled folklore favorite for testing inebriation contrasts with our modern mechanical method of an intoximeter machine, the use of which is here involved.

Appellant has taken this appeal from the superior court judgment affirming the suspension of his motor vehicle operator's license for failure to comply with the Implied Consent Law. (Ga. L. 1968, pp. 448, 452; Code Ann. § 68-1625.1).

The evidence at the agency's hearing consisted of the testimony of the arresting officer, the state trooper who administered the breath analyzer test, and the appellant.

---

[1]Bartlett's Familiar Quotations (13th Ed.), p. 449.

The officer stated that while on patrol he observed appellant's car weaving down the highway. Upon stopping the automobile he observed the driver had a strong odor of alcohol and showed other signs of intoxication. He then placed the driver under arrest "and told him that under the Georgia Implied Consent Law he was required to take either a blood test or a breath test, failure to do so would result in the suspension of his driver's license for six months." The state trooper who was in charge of the test testified that appellant put the nozzle to his mouth but did not follow instructions to "breathe deeply and blow into the bag real hard." The testimony of the two officers was that despite repeated requests, there was no effort by the appellant to cooperate. The operator of the breathilizer added that "He [appellant] didn't expand his jaws to attempt to blow the machine up, he just put it to his mouth and pulled it down and made the statement that he had taken this test before and that we couldn't write him up for DUI once he put it to his mouth."

Appellant testified that his throat was bothering him which impeded his efforts to comply with the requests. This evidence was supported by a physician's statement that he had been treating appellant for swollen lymph glands and that the patient had been advised to breathe through his nose as much as possible to alleviate throat irritation. Appellant also contradicted the officer's testimony as to being informed that he could take a blood test.

The findings of fact by the hearing officer of the agency were adverse to appellant. Among these were that appellant had been advised of the Implied Consent Law by the arresting officer and that appellant had refused "a blood or breath test by refusing to blow air into the machine." The driver's license was suspended for six months. The Superior Court of Houston County[2] entered

---

[2]Pronounced "How-stun," this county was named for a Savannah lawyer, John Houstoun (1744-1796), twice Georgia Governor (1778 and 1784). "Houstoun" was the nineteenth century spelling of today's "Houston."

an order with findings of fact and conclusions of law affirming the agency's decision. *Held:*

Both here and in the trial court appellant argued that the agency decision was legally erroneous on the basis of *Burson v. Collier,* 226 Ga. 427 (175 SE2d 660) and *Dept. of Public Safety v. Orr,* 122 Ga. App. 439 (177 SE2d 164). The trial court was correct in holding that the instant case is not controlled by those decisions. In both of those decisions the driver was afflicted with emphysema. The effect of that serious respiratory disease was shown in the *Orr* case where the motorist could not inflate the bag although he made two efforts to do so. While a sore throat or swollen lymph glands may cause pain when the driver complies with instructions for intoximeter tests, that is not the type of inability which prevents the accused motorist from being able to inflate the bag.

The Implied Consent Law requires a meaningful submission to the test as otherwise the purpose of the law would be frustrated.

Likewise lacking in merit is appellant's argument that the procedure here was contrary to that portion of *Burson v. Collier,* supra, which held that the intoximeter operator does not have an unfettered right to determine what is or is not a complete test. The instant case was not an appeal from the breathilizer operator's decision. This appeal under the Administrative Procedure Act (Ga. L. 1967, p. 618; Code Ann. § 3A-120) is one in which the findings of fact by the hearing officer are disputed along with the agency decision. The police officers testified as to the facts and the hearing examiner determined from their testimony that the appellant's conduct constituted a nonverbal refusal.

We concur with the trial court's judgment that "The findings of fact made by the Department of Public Safety are neither clearly erroneous, in view of the entire record, nor characterized by an arbitrary and capricious abuse of discretion such as would warrant this court substituting its judgment for that of the Department of Public Safety as to the weight of the evidence on those factual issues. (Acts 1967, p. 618, Ga. Code Ann. § 3-130 (h))." (R. 59).

*Judgment affirmed. Pannell, P. J., concurs. Quillian, J., concurs in the judgment but not with statements made therein.*

ARGUED OCTOBER 8, 1975 — DECIDED NOVEMBER 5, 1975.

*Nixon & Nixon, John P. Nixon,* for appellant.
*Arthur K. Bolton, Attorney General, Andrew J. Ekonomou,* for appellee.