■　In the Matter of CORTLAND T. LITTS, JR., Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles . of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Motor Vehicles. Petitioner, a licensed motor vehicle operator, was arrested on August 10, 1973 for driving while intoxicated after he had driven his vehicle over a mall between two parking lots in the City of Saratoga Springs. Pursuant to police request at the scene, petitioner agreed to a chemical test and was transported to the police station where he refused to submit to the test. After a hearing the referee concluded that petitioner's refusal was of the type contemplated by statute and, accordingly, revoked his license (Vehicle and Traffic Law, § 1194). After appeal to the Administrative Appeal Board of the Department of Motor Vehicles resulted in that body recommending affirmance of the referee's determination and dismissal of the appeal, the

commissioner reinstated the order of revocation and this proceeding ensued. While petitioner concedes that the statute (Vehicle and Traffic Law, § 1194) provides that the decision as to the type of test to be administered is controlled by the officer deputized by the police department and was not an option open to him, he nevertheless contends that the conduct of Officer Older, who was to give the test, was such that his qualifications to properly administer the test came into question and justified petitioner's refusal to take the breathalyzer test at the stationhouse. Petitioner contends that Officer Older used foul language and was joking with other officers immediately before the test was to be given and, because of this, petitioner "didn't think that he [Older] was that creditable an administrator of this sort of thing" and that Older "seemed to be rather unprofessional". Officer Older's corroborated testimony was to the effect that petitioner refused to take the breathalyzer test solely because he (Older) was not a doctor. Clearly, where an arresting officer has reasonable grounds for belief that a licensed motor vehicle operator was driving while intoxicated, as here, (odor of alcohol on petitioner's breath, belligerent attitude, staggering walk) such operator may be compelled, pursuant to his statutory consent, to take a chemical test to detect the presence of alcohol in his system and such person cannot impose or dictate the conditions or the manner in which such test shall be administered (*Matter of Cushman v Tofany,* 36 AD2d 1000). The operator, after being advised that his refusal to submit to a chemical test may result in the revocation of his license or operating privilege whether or not he is ultimately found guilty of the charge for which he was arrested, as here, must submit to the test to avoid the consequences warned against. Thereafter, he may have additional tests taken by his own doctor, but, first, he must comply with the statutory requirement (*Matter of Sowa v Hults,* 22 AD2d 730) in the absence, as here, of any incapacitating reason (*Matter of Scott v Kelly,* 5 AD2d 859). Next, there is substantial evidence in the record to support the referee's conclusion that petitioner's refusal was not prompted by distrust of Officer Older and, accordingly, was the type of refusal within the contemplation of section 1194 of the Vehicle and Traffic Law (*Matter of O'Dea v Tofany,* 41 AD2d 888; *Matter of Donahue v Tofany,* 33 AD2d 590). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.