■ In the Matter of BETTY BRUECK, Petitioner v JAMES P. MELTON, as New York State Commissioner of Motor Vehicles, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Petitioner brought this article 78 proceeding to review a determination of the Commissioner of Motor Vehicles who revoked her driver's license. The commissioner found that following her arrest for driving while intoxicated petitioner had refused to submit to a chemical test of her breath, in violation of section

1194 of the Vehicle and Traffic Law. The matter was transferred to this court pursuant to CPLR 7804 (subd [g]), inasmuch as petitioner raised the question of whether there was substantial evidence to support the commissioner's determination. At the administrative hearing the arresting officer testified that although petitioner initially consented to take a breathalyzer test, she failed to blow any air into the machine as instructed to and only drooled. When advised to sit down and rest before attempting the test again, petitioner responded, "Leave me alone, I'm not going to take any test." Furthermore, petitioner never indicated to the administrator of the test that she was unable to complete it or that there was any physical reason preventing her from blowing air into the breathalyzer device (see e.g., *Matter of Lindland v Tofany,* 32 AD2d 947; *Matter of Scott v Kelly,* 5 AD2d 859). Based upon these undisputed facts, we find that there was substantial evidence in the record to support respondent's determination that petitioner's actions constituted a refusal to submit to the chemical test and that her license accordingly be revoked (Vehicle and Traffic Law, § 1192, subd 2). (article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Moule, J. P., Cardamone, Simons and Dillon, JJ.