■ IN THE MATTER OF DONALD KENNEDY, Petitioner, v JAMES P. MELTON, as New York State Commissioner of Motor Vehicles, et al., Respondent. —Determination unanimously confirmed, without costs. Memorandum: This is a proceeding pursuant to CPLR article 78 to review an order of respondent, the Commissioner of Motor Vehicles, revoking petitioner's motor vehicle operator's license pursuant to section 1194 of the Vehicle and Traffic

Law. The following evidence was adduced at the hearing: petitioner was arrested on a charge of driving while intoxicated at approximately 8:05 P.M. on January 13, 1975. At the time of his arrest, the arresting officer observed that petitioner smelled of alcohol, had bloodshot eyes, staggered and slurred his speech. Further petitioner admitted to the arresting officer that he had drunk two "old fashions" and two glasses of wine one to two hours prior to his arrest. Shortly after he was arrested, he was requested to submit a urine sample for the purpose of a chemical test for intoxication in accordance with section 1194 of the Vehicle and Traffic Law. He refused twice, stating that he was unable to urinate, despite the arresting officer's warnings that refusal could result in revocation of his motor vehicle operator's license. He then agreed to submit to a blood test, was taken to a hospital for that purpose, but recanted shortly before the two-hour period within which the test must be performed (see Vehicle and Traffic Law, § 1194) was due to expire, although again warned of the consequences of his refusal by the arresting officer. He finally agreed to submit to the urine test shortly after the statutory period had expired and produced a sample of a "crystal clear" substance, later found to contain no alcohol and no urea (a material "contained in all urine"). At the hearing, the arresting officer testified that he did not observe petitioner actually urinating into the container provided, but did hear "water splashing into the container" and observed a water pitcher in close proximity to petitioner as he was supposedly providing the sample. The hearing referee concluded that upon the basis of the credible evidence, and weighing all facts and circumstances, the petitioner refused to submit to the chemical test. On appeal, petitioner claims that the action of the commissioner was arbitrary, capricious and an abuse of discretion because the hearing referee's determination was unsupported by substantial evidence (see *Matter of Mistler v Tofany,* 39 AD2d 710). We disagree. Reviewing the record, we find the referee's determination was supported by substantial evidence. Moreover, matters of credibility and the inferences to be drawn from the testimony are in the province of the trier of fact, and the referee was in the best position to judge the credibility of both petitioner and the arresting officer (see *Matter of O'Dea v Tofany,* 41 AD2d 888, 889). The referee's determination should be confirmed. (See, also, *Matter of White v Melton,* 60 AD2d 1000; *Matter of Reed v New York State Dept. of Motor Vehicles,* 59 AD2d 974.) (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.