This appeal comes from an order of the Circuit Court of Madison County upholding, in effect, the order of the Director of Public Safety suspending the driver license of Lawrence Garrison for Garrison's refusal to submit to a chemical test to determine the extent of his intoxication.
The record reveals the following facts:
Garrison's driver license was suspended for forty-five days by the Director of Public Safety, State of Alabama [hereinafter Director] upon receipt of a report that Garrison had refused to submit to a test to determine his state of intoxication. Upon receipt of notice that his driver license had been suspended, Garrison requested and received a hearing before an agent of the Director. After consideration of all facts before him, the Director suspended Garrison's driver license effective March 7, 1977. Garrison appealed to the Circuit Court of Madison County.
At the hearing before the court, the parties stipulated that Garrison was not advised of the consequences of a refusal to take the chemical test at the time he was requested by arresting officers to take such test.
The sole issue for resolution here is whether a person must suffer the suspension of his driver license as a result of his refusal to submit to a chemical test to determine the state of his intoxication where he has not been informed that such refusal will result in a suspension of his driver license for forty-five days.
Section 32-5-192, Code of Alabama 1975, provides in part as follows:
 (a) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given his consent, subject to the provisions of this division, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcoholic content of his blood. . . . The test or tests shall be administered at the direction of a law-enforcement officer. . . . Such person shall be told that his failure to *Page 1131 submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 45 days;. . . .
. . . . .
 (c) If a person under arrest refuses upon the request of a law-enforcement officer to submit to a chemical test . . none shall be given, but the director of public safety . . . shall suspend his license or permit to drive. . . .
 (d) Upon suspending the license . . to drive . . . the director of public safety . . . shall . . . notify the person in writing and upon his request shall afford him an opportunity for a hearing in the same manner and under the same conditions as is provided in section 32-6-16, for notification and hearings in the cases of suspension of license; except, that the scope of such a hearing for the purposes of this section shall cover the issues of whether a law-enforcement officer had reasonable grounds to believe the person had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest, and whether he refused to submit to the test upon request of the officer. Whether the person was informed that his privilege to drive would be suspended or denied if he refused to submit to the test shall not be an issue. . . .
 (e) If the suspension . . . is sustained by the director of public safety or his authorized agent upon such hearing, the person whose license . . . has been suspended . . . shall have the right to file a petition in the appropriate court to review the final order of suspension or denial by the director or his duly authorized agent in the same manner and under
 the same conditions as is provided in section 32-6-16
in the cases of suspensions and denials. [Emphasis supplied.]
Section 32-6-16 (l), Code of Alabama 1975, provides:
 Any person . . . whose license has been . . . suspended . . . by the director of public safety . . . shall have the right to file a petition within 30 days thereafter for a hearing on the matter in the circuit court in the county wherein such person resides, and such court . . . shall . . . take testimony and examine into the facts of the case and . . . determine whether the petitioner is entitled to a license or subject to suspension . . .
Garrison's initial argument is to the effect that § 32-5-192
(d) is unconstitutional, for it is there provided that the failure of the arresting officer to advise the person directed to submit to a chemical test that a refusal to take the test will result in the suspension of his driver license for a period of forty-five days is not to be an issue in the administrative hearing. He argues that the effect of this provision is to nullify the mandatory language of § 32-5-192
(a), which provides: "Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 45 days. . . ."
However, Garrison failed to raise this constitutional issue in the trial court, and this court does not, unless there are exceptional circumstances, decide constitutional questions that have not been first presented to the trial court. See State v.Dillard, 196 Ala. 539, 72 So. 56 (1916); 4 C.J.S. Appeal Error § 234 (1957). And we do not consider the circumstances of this case to be so peculiar as to require an exception to be made to our rule.
We believe that an application of the ordinary rules of statutory construction will enable us to reach a rational interpretation of the pertinent statutes.
The rule with which we are concerned provides that each section of a statute should be given effect, if possible, and that all sections should be read together as *Page 1132 
a whole. Adams v. Mathis, Ala., 350 So.2d 381 (1977); Tillmanv. Sibbles, Ala., 341 So.2d 686 (1977). Subsection (a) of §32-5-192 specifically provides that a person shall be told that a refusal to take a test will result in a suspension of his license. We believe the drafters of this section of the statute intended for the person refusing to take one of the tests for sobriety to be informed of the consequences of that refusal, for they used the word "shall" which is ordinarily considered to be a mandatory directive as opposed to a permissive directive. And to be informed of the consequences of a refusal at the time a person is told to submit to one of the sobriety tests would certainly permit one to make an informed decision. Furthermore, Hill v. State, Ala., 366 So.2d 318 (1979) specifically provides that a person is entitled to be informed of the effect of a refusal to submit to a sobriety test.
Yet, when a person's driver license is suspended for refusing to submit to one of the tests and he asks for a hearing before the Director to contest the suspension, § 32-5-192 (d) clearly provides that no issue will be made as to the failure to be advised of the consequences of a refusal to take one of the proffered sobriety tests. This provision would at first blush seem to be at odds with that provision in subsection (a) quoted above. However, it must be remembered that the provision in subsection (d) applies only to the administrative hearing before the Director or his agent. See § 32-5-192 (d). The language in subsection (d) is very specific about what issues the Director will or will not consider; whereas, should the case get to the circuit court, no such statutory restrictions surround the issues it may or may not consider. In fact, the statute provides for a de novo hearing in the circuit court on the suspension of a driver license for refusing to submit to a sobriety test. State v. Rajala, 54 Ala. App. 502, 310 So.2d 223
(1975). This means that the hearing in the circuit court will be as if no previous hearing had been held and the court is authorized to make its own, independent decision based on the evidence before it. Informing a person of the consequences of a refusal is essential to the statutory scheme of § 32-5-192, Code of Alabama 1975. Moreover, due process compels consideration of the evidence of whether a person was informed of the consequences of a refusal at the circuit court hearing.
In the case at bar the judgment reveals that the parties stipulated that Garrison had not been informed of the consequences of his refusal to submit to a sobriety test after having been directed to do so by the arresting officer, and, in the face of the clear mandate of § 32-5-192 (a), the trial court erred as a matter of law in not setting aside the suspension of Garrison's driver license, for the reason that the statute specifically mandates that the person directed to submit to one of the tests be informed of the consequences of a refusal to take the test. Therefore, the judgment is reversed and one rendered here that should have been rendered in the trial court, i.e. the suspension of Garrison's driver license for his failure to submit to a sobriety test without being told of the consequences of that refusal is hereby set aside and held for naught.
REVERSED AND RENDERED.
WRIGHT, P.J., and HOLMES, J., concur.