593 P.2d 1384 (1979)
Franklin Delano BAKER, Plaintiff-Appellant,
v.
STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.
No. 78-200.
Colorado Court of Appeals, Div. III.
January 25, 1979.
As Modified On Denial of Rehearing March 1, 1979.
Certiorari Denied April 30, 1979.
*1385 Baker & Cazier, Stanley W. Cazier, Granby, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for defendant-appellee.
STERNBERG, Judge.
The plaintiff, Franklin Delano Baker, appeals from a judgment of the district court sustaining an order of the Department of Revenue revoking his driver's license for a period of six months under the provisions of the implied consent statute, § 42-4-1202(3)(a), C.R.S.1973. The sole issue presented is whether there was any competent evidence in the record to support the Department's determination that Baker had refused to submit to a chemical test to determine the alcohol content of his blood. We affirm the order of the district court.
At the hearing before the Department, the arresting officer testified that Baker verbally agreed to submit to a test of his breath and signed a consent form to that effect, but did not cooperate in blowing up the balloon on the testing device. The officer explained that Baker had a coin in his mouth which he was biting, while placing his tongue over the entrance to the balloon so that air would not go into it. In spite of these impediments, and after seven requests by the officer to keep trying, Baker did get some air into the balloon. The officer estimated that the balloon was about half-full; but when Baker stated, "I don't have to do it," the testing stopped. The officer also testified that he advised Baker that because the test was incomplete he would have to consider it a refusal.
Baker testified that he had cooperated in the test, but that he had been wearing a dental plate which made it difficult to blow up the balloon. He also said that he tried to fill the balloon until the officer told him "that was enough;" but the officer testified that he did not make that remark to Baker in reference to the test being complete, but only as to filling the "waste bag."
While the officer testified that he had not planned to send the partially filled balloon to be analyzed, at the request of the district attorney's office, he did send it in for analysis and the test report estimated Baker's blood alcohol content at .228 percent. A blood alcohol content of more than .10 percent raises a presumption of being under the influence of alcohol. Section 42-4-1202(2)(c), C.R.S.1973.
Baker argues that because the state was, in fact, able to procure a reading of his blood alcohol content from the air in the balloon, the purpose of the implied consent statute was met, and that consequently, he had complied with the requirements of the statute as a matter of law. We do not agree. To accept this contention would be to thwart the purpose of the implied consent statute and overlook the principle that Baker had the burden of proving that he had complied with the statute, Zahtila v. Motor Vehicle Division, 39 Colo.App. 8, 560 P.2d 847 (1977).
We are not persuaded by Baker's argument that upholding the Department's decision places him in the untenable position of having his license revoked because of the failure to consent to a chemical test, while at the same time being faced with the prospect of having the results of that test used against him in a prosecution for driving while under the influence.
This contention overlooks the distinct nature of the two proceedings. See Gilbert v. Dolan, Colo.App., 586 P.2d 233 (1978). There we held that revocation of a license under the implied consent law is "not a part of any criminal proceeding arising from a *1386 charge of driving while under the influence of alcohol," and that, consequently, dismissal of the criminal charge of driving under the influence had no effect upon a procedure for revocation of a license under the implied consent law. See also Augustino v. Colorado Department of Revenue, Colo., 565 P.2d 933 (1977).
To hold that the requirements of the implied consent law are satisfied by partially taking a test would give the licensee the best of both worlds. He would escape any sanction under the implied consent law, and the sabotaged breath test would be suspect in a drunken driving prosecution on the basis, inter alia, that the breath sample contained insufficient air from the lungs and too much from the mouth. See 2 R. Erwin, Defense of Drunk Driving Cases, §§ 23.01 and 23.01(5) (3d ed. 1978). Therefore, because the reliability of the breath test is in doubt, we cannot say, as a matter of law, that it met the requirements of the implied consent law.
We hold that the law requires the taking of a test, not merely consenting to it and partially taking the test. "Where the test fails for reasons attributable to petitioner it is proper to find no consent by him." Van Sickle v. Melton, 64 A.D.2d 846, 407 N.Y.S.2d 334 (1978). A test that is sabotaged by the actions of the person tested is of the same legal effect as no test at all. Conduct constituting less than cooperation by the licensee in taking the test is tantamount to a refusal, or a revocation of prior consent, and provides a basis for imposition of the sanctions specified in the implied consent law. Van Sickle v. Melton, supra. See also Kennedy v. Melton, 62 A.D.2d 1152, 404 N.Y.S.2d 174 (1978); Matter of DiGirolamo v. Melton, 60 A.D.2d 960, 401 N.Y.S.2d 893 (1978); Brueck v. Melton, 58 A.D.2d 1000, 397 N.Y.S.2d 271 (1977).
Burson v. Collier, 226 Ga. 427, 175 S.E.2d 660 (1970) is distinguishable on its facts, and therefore neither relevant nor persuasive. In that case, a driver's license was suspended for the refusal of a licensee to take a breath test consisting of blowing up a balloon. There was no testimony that the licensee deliberately interfered with the test; rather he was unable to fill the balloon because he suffered from emphysema. The court ordered the license to be reinstated. Here, Baker was not suffering from a disease making it impossible for him to take the test. A later decision of a Georgia court recognizes this distinction. In Pfeffer v. Department of Public Safety, 136 Ga. App. 448, 221 S.E.2d 658 (1975), the licensee did not cooperate in a breath test despite repeated requests. He attempted to justify his behavior on the basis that he had a sore throat and swollen lymph glands. The Pfeffer court distinguished that situation from Burson and, based upon testimony of police officers of lack of cooperation, upheld the hearing officer's conclusion that the licensee's conduct constituted "a non-verbal refusal."
Similarly, here, there is competent evidence in the record to sustain the determination of the Department that Baker revoked his consent and in effect made a "non-verbal refusal" to submit to a chemical test. Hence that determination cannot be disturbed on review. Dolan v. Rust, Colo., 576 P.2d 560 (1978).
Judgment affirmed.
SMITH, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissenting:
I dissent.
The only issue in this case is whether plaintiff refused to take the test. That issue was raised solely by the officer's statements that plaintiff was uncooperative and that he refused to complete the test, and by the fact that the balloon was only partially filled. However, the patrolman also testified that he sent the balloon that plaintiff had partially filled with air to the state *1387 laboratory for testing. The test report was returned and entered as an exhibit before the hearing officer. This report makes no mention of any inadequacy in the sample received and states, under "TEST PROCEDURE":
"(x) Alco-Analyzer operating procedures were followed as prescribed by the Manufacturers' Operations Manual and Special Instructions of the Colorado Department of Public Health.
"(x) Subject was testing in accordance with the Rules and Regulation as prescribed by the Colorado Board of Health.
"(x) Results of the Blood Alcohol level by breath testing are as follows:
. . . . .
"Blood Alcohol Calculation of Subject 0.228%"
To me, these circumstances mandate a finding that the test was successfully completed, and that thus there was no refusal.
The statute does not set out what constitutes a test, but merely states that it must be administered in accordance with the rules and regulations prescribed by the State Board of Health. Section 42-4-1202(3)(b), C.R.S.1973. That was done in this case. As stated in Burson v. Collier, 226 Ga. 427, 175 S.E.2d 660 (1970):
"Since the statute does not set out what constitutes a complete test, we do not think it a salutary practice to let the Intoximeter operator have an unfettered right to determine what is or is not a complete test. Where the statute fails to set out what constitutes a `complete' test, we hold that a showing that the driver did not complete this test (within the judgment of the operator) is not evidence of a `refusal to submit' within the contemplation of that Code section."
This would be particularly true in the instant case where all the standard documentary evidence was admitted at the hearing and indicated that the test was properly completed, which test was sufficient to show plaintiff to have been under the influence at the time the test was taken. The majority for its facts, appears to be relying on information obtained in reading the cited treatise by R. Erwin, rather than from the evidence produced at the hearing.
The majority attempts to distinguish, Burson, supra, and cites cases which are not on point. They all deal with failure to take the test, while, here, it conclusively appears that plaintiff took the test. Thus, the hearing officer's finding to the contrary should be set aside, and the cause should be remanded to the district court with instructions to direct the Department to reinstate plaintiff's license.