HOLMES, Judge.
This is a driver’s license suspension case.
The trial court upheld the judgment of the Department of Public Safety (Department) that the defendant’s license was properly suspended pursuant to § 32-5-192, Ala.Code (1975) (1983 Repl. Vol.).
The defendant appeals, and we affirm.
The defendant contends that he was not properly informed as to the effect of his refusal to submit to a breathalyzer test regarding his sobriety. He contends that the statute requires that the arresting officer inform him that his driver’s license would be suspended for his refusal to take the test and that the officer did not comply with the statute in so informing him. We disagree.
Section 32-5-192(a) provides in pertinent part that the defendant “shall be told that his failure to submit to such a [breathalyzer] will result in the suspension of his privilege to operate a motor vehicle for a period of 90 days.” (Emphasis supplied.)
The arresting officer testified that he told the defendant “that if he refused to take this test, that he would lose or — have his driving privileges suspended.”
The defendant’s contention that he was not properly informed as to the effect of his refusal to take the test in that he was not told that his driver’s license would be suspended is totally without merit. Even should such language be required by the statute — which it is not — § 32-5-191 specifically provides that “driving privilege” means “driver license.” See also Garrison v. Dothard, 366 So.2d 1129 (Ala.Civ.App.1979). Thus, even if one were to accept the defendant’s interpretation of the statute, the defendant still cannot prevail. This is so because the officer’s statement, by definition, is sufficient.
In short, we are tempted to invoke Rule 38, Alabama Rules of Appellate Procedure, in this case. If the record had indicated that the defendant’s suspension of his driving privileges had been stayed pending appeal, we would have been strongly inclined to consider that this appeal was frivolously brought for the purpose of delaying the inevitable suspension of the defendant’s license.
Since the record does not so indicate, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.