A91A1762. BARTNICK v. THE STATE.
(416 SE2d 739)

POPE, Judge.

Defendant Gail Marie Bartnick appeals her conviction by jury of the offenses of failure to maintain lane and driving while under the influence of alcohol. Defendant argues the trial court erred in denying her motion in limine and admitting evidence that she refused to submit to the breath test designated by the arresting officer. The arresting officer testified defendant was instructed on the Georgia implied consent law. The operator of the Intoximeter 3000 breath analysis machine testified he handed defendant the mouthpiece to the machine and instructed her to blow into it but her only response was to state that her chest and face hurt, that she needed to see a doctor and would not take a breath test until after she had been seen by a doctor. According to the operator, defendant did not appear to be having trouble talking or breathing. According to the arresting officer and another officer who helped investigate the scene of the automobile accident at which defendant was arrested, defendant declined medical treatment by the emergency medical crew which arrived at the scene. She also refused to take the field sobriety test requested by the arresting officer.

At trial, defendant denied she was requested to take any field sobriety test or that she refused to take the breath test. Instead, she testified she was physically unable to submit to the breath test. Defendant's family physician testified he examined defendant three days after the collision and that defendant suffered abrasions to her chin and upper chest, had swollen lips and could open her mouth only half way, about one inch. In the physician's opinion, if the Intoximeter mouthpiece required puckering the lips in order to blow into it, defendant's ability to take the test would have been restricted. However, he did not know the size of the mouthpiece and no evidence was presented concerning its size or shape. The physician also testified she might have had discomfort in her chest and been limited in the volume of air she could blow into the machine. Defendant also presented the testimony of a chemist familiar with the Intoximeter 3000. He testified he examined defendant 16 days after the automobile collision and measured her lung capacity which, in his opinion, was insufficient to have yielded a sample which could have been analyzed by the Intoximeter.

Defendant argues this case is governed by *Burson v. Collier*, 226 Ga. 427 (175 SE2d 660) (1970), and *Department of Public Safety v.*

*Orr*, 122 Ga. App. 439 (177 SE2d 164) (1970), and that the operator's conclusion that defendant refused to take the breath test is not admissible because the evidence shows defendant did not refuse, but was unable to take the test. In both these cases, involving a civil proceeding to suspend the accused motorist's driver's license for failure to consent to the breath test ordered by the arresting officer, the evidence showed the accused attempted to comply with the requirements of the test but, because of emphysema, was unable to supply sufficient air volume to permit a reading of the breath sample.

Even if the chemist was correct in his opinion that any sample the defendant would have been capable of giving would have been insufficient to permit a measurement, the defendant in this case, in contrast to the facts of the cases cited by defendant, did not even attempt to comply with the requirements of the test. Thus, this case is similar to *Pfeffer v. Dept. of Public Safety*, 136 Ga. App. 448 (221 SE2d 658) (1975), in which the accused simply put the mouthpiece of the analyzer to his mouth but did not attempt to blow. The accused in *Pfeffer* testified that the irritated condition of his throat impeded his efforts to submit to the test and, like defendant in the case now before us, he presented the testimony of a physician concerning his physical condition. Nevertheless, this court held: "While a sore throat or swollen lymph glands may cause pain when the driver complies with instructions for intoximeter tests, that is not the type of inability which prevents the accused motorist from being able to inflate the bag." Id. at 450. Likewise, the evidence presented in this case that defendant might have suffered pain or discomfort by submitting to the test does not show, as a matter of law, that she was unable, as opposed to unwilling, to complete the test or excuse her from even attempting to complete it. Thus, the admission of evidence of defendant's refusal to take the test was not improper.

Moreover, unlike *Collier* and *Orr*, this case is not a civil proceeding to suspend the license of a motorist for refusal to submit to a chemical test. It is a criminal case in which the issue is whether defendant was operating her vehicle while under the influence of alcohol. Evidence of the defendant's refusal to take a chemical test is relevant and admissible to the issue of defendant's guilt. *Wessels v. State*, 169 Ga. App. 246 (2) (312 SE2d 361) (1983). Defendant was properly offered the opportunity to explain her refusal. Id. Thus, the trial court did not err in admitting evidence showing defendant refused to take the breath test ordered by the arresting officer.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

Decided February 3, 1992 —
Reconsideration denied March 13, 1992.

*Billy L. Spruell, Brian M. Dubuc,* for appellant.
*Patrick H. Head, Solicitor, B. Martin First, Beverly M. Collins, Assistant Solicitors,* for appellee.