**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 7, 2025**

# In the Court of Appeals of Georgia

A25A1221. WOOD v. SMITH.

McFADDEN, Presiding Judge.

Rogers Wood appeals from a final judgment entered against him after a bench trial on Ken Smith's complaint for libel. He claims that the trial court erred in failing to make a finding as to whether Smith was a private person or a public figure. But Wood did not request that the court make express findings of fact and conclusions of law and, absent a showing to the contrary, we presume the trial court applied the law correctly. Wood further claims that the court erred in awarding damages under OCGA § 51-12-6. But the grounds for such damages were alleged in the complaint and Smith expressly sought such damages at trial without objection from Wood. So we affirm.

1. *Facts and procedural posture*

Smith filed a complaint against Wood for libel per se, alleging that Wood had made false and defamatory statements accusing Smith of having murdered his late wife. Wood filed an answer denying the allegations and a counterclaim for abusive litigation. The case was tried before a judge sitting without a jury.

At trial, Smith presented evidence showing that Wood sent a text message to a sheriff accusing Smith and his current wife of having murdered Smith's late wife; that Wood posted a statement on a social media website accusing Smith and his current wife of having murdered Smith's late wife and insinuating that Smith had also had his brother murdered; that thousands of people had access to view the post; that an acquaintance who saw the post alerted Smith to it and a number of other people contacted him about the post; that Smith's late wife had actually been in hospice care when she passed away from multiple organ failure caused by colon cancer; that Smith served Wood with a demand for a retraction, but Wood did not retract the statements; and that Smith was shocked, upset, and hurt by the baseless allegations, which continue to impact his happiness and peace of mind.

Wood apologized for the statements at trial, testifying that he was upset at the time and should not have lashed out, and admitting that he was in the wrong. He

further testified that he had a fungal infection which had affected his thinking and he was not in his right mind at the time. He also presented a witness who opined that Wood was not of sound mind at that time.

The trial court entered final judgment in favor of Smith, awarding him $250,000 in compensatory damages. Wood filed a motion for new trial, which the trial court denied. This appeal followed.

2. *Findings in nonjury trial*

Wood enumerates that the trial court erred in failing to make a finding as to whether Smith was a private or public figure. But trial courts generally are not required to make express findings of fact or conclusions of law "in nonjury trials unless requested by one of the parties prior to entry of the judgment. Absent a showing to the contrary, we presume that the trial court made all required findings, even if the required findings are not specifically set out in the order." *Wohlers v. Wohlers*, 373 Ga. App. 406, 410 (3) (908 SE2d 650) (2024) (citations and punctuation omitted). Here, neither party requested that the trial court make findings of fact or conclusions of law prior to the entry of the final judgment. See OCGA § 9-11-52 (a) ("in all nonjury trials in courts of record, the court shall *upon request of any party made*

*prior to such ruling*, find the facts specially and shall state separately its conclusions of law") (emphasis supplied). So the trial court did not err "in not making the specific . . . finding that [Wood has] belatedly [challenged]." *Driver v. Driver*, 292 Ga. 800, 802 (2) (741 SE2d 631) (2013). And since Wood has made no showing to the contrary, we presume that the trial court made all required findings. See *Burson v. Collier*, 226 Ga. 427, 428 (1) (a) (175 SE2d 660) (1970) ("Whenever a superior court judge is required by law to make certain findings in order to return a [judgment], the presumption is that he has made the required findings, absent a showing to the contrary."); *Wohlers*, supra.

### 3. *OCGA § 51-12-6*

Wood contends that the trial court erred in awarding damages under OCGA § 51-12-6 because such an award was inconsistent with the damages sought in the complaint. We disagree.

OCGA § 51-12-6 provides: "In a tort action in which the entire *injury is to the peace, happiness, or feelings* of the plaintiff, no measure of damages can be prescribed except *the enlightened consciences of impartial jurors*. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded."

(Emphasis supplied.) In his complaint, Smith prayed for an award of damages "for *injury to his peace, happiness, and feelings as determined*, pursuant to OCGA § 51-12-5.1, *by the enlightened conscience of a fair and impartial jury*[.]" As plainly shown by the emphasized language above, Smith's prayer for damages tracked the language of OCGA § 51-12-6, but it then cited a different code section which does not contain such language and concerns punitive damages.

"Under the Civil Practice Act a complaint is to be construed in the light most favorable to plaintiff and all inferences that can be reasonably drawn are to be construed in plaintiff's favor[.]" *Rome v. Turk*, 235 Ga. 223, 225 (1) (219 SE2d 97) (1975). So construed, given that the complaint expressly tracked the language of OCGA § 51-12-6, we find that it sufficiently prayed for damages for wounded feelings under that statute despite the fact that it cited the wrong code section.

Furthermore, even if damages under OCGA § 51-12-6 had not been sufficiently pled in the complaint, the issue was actually tried by the parties. At trial, Smith introduced evidence of injury to his peace, happiness, and feelings; he informed the court that he was not seeking punitive damages; and he asserted that he was only seeking damages under Georgia's wounded feelings statute. See *Vogtle v. Coleman*, 259

Ga. 115, 116 (376 SE2d 861) (1989) ("[appellee] elected to pursue damages for wounded feelings under OCGA § 51-12-6"). Wood raised no objection to Smith's evidence or pursuit of such damages at trial.

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

OCGA § 9-11-15 (b). See also *Emson Inv. Props. v. JHJ Jodeco 65*, 349 Ga. App. 644, 648 n. 7 (2) (824 SE2d 113) (2019) ("Pursuant to OCGA § 9-11-15 (b), at trial the pleadings are deemed automatically amended to conform to the evidence.") (citation and punctuation omitted). Furthermore, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings[.]" OCGA § 9-11-54 (c) (1). Because the issue of damages under OCGA § 51-12-6 was actually tried below, and the trial court did not award punitive damages in its final order, Wood has failed to show reversible error.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*