[No. 3066-1.    Division One.    March 1, 1976.]

PATRICIA LORRAINE WOOLMAN, *Appellant*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent*.

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer* and *Ronald J. Meltzer*, for appellant.

*Slade Gorton, Attorney General*, and *James R. Silva, Assistant*, for respondent.

SWANSON, J.—Patricia Woolman appeals from a judgment upholding a determination of the Department of Motor Vehicles to revoke her driver's license for a period of 6 months pursuant to RCW 46.20.308.

Patricia Woolman was arrested and charged with driving while under the influence of intoxicating liquor in Seattle on October 4, 1972. After *Miranda* warnings were read at the police station, she was warned of the consequences of

refusing to take the Breathalyzer test, as required by RCW 46.20.308, and signed a form which indicated her consent to the test. She placed the mouthpiece of the Breathalyzer in her mouth and "gave a little puff," but the machine did not operate. When the administering officer asked her to "blow a little harder," she said that was all she could do. Officers then wrote "Refused to take test" on the consent form. Pursuant to RCW 46.20.308, the Department of Motor Vehicles subsequently issued an order revoking Mrs. Woolman's driving privilege for a period of 6 months.

Appellant assigns error to these two critical findings of fact:

> At the time and place of the petitioner's arrest, Officer Jacobson had reasonable grounds to believe that the petitioner had been driving, or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor.

Finding of fact No. 3.

> After having been so informed, the petitioner refused to submit to a chemical test of breath.

Finding of fact No. 6. The trial court then concluded

> [t]hat the determination by the Department of Motor Vehicles that the driving privilege of petitioner should be revoked for six months should be sustained in this proceeding and this appeal should be dismissed with prejudice.

Conclusion of law No. 2. If the findings of fact can be upheld, the conclusion of law is appropriate.

We have no difficulty in upholding finding of fact No. 3, which is supported by substantial evidence, but appellant's second assignment of error directed to finding of fact No. 6 is not as easily resolved. The undisputed facts disclose that Patricia Woolman did not articulate in any verbal way an unqualified refusal to take the Breathalyzer test. She did put the mouthpiece of the Breathalyzer into her mouth and she did blow into it, but not enough to cause the machine to operate, according to the testimony of the State's witness. She was then asked to blow harder, and responded by

stating that that was all she could do. Does such conduct on the part of the appellant amount to a refusal to take the test? Appellant concedes that failing to blow hard enough to activate the machine may amount to a nonverbal refusal, citing *Newman v. Stinson*, 489 S.W.2d 826 (Ky. 1972), and *Application of Kunneman*, 501 P.2d 910 (Okla. App. 1972), but the main thrust of her argument urges that it is error to conclude the machine failed to operate because she did not produce a sufficient air sample unless it is first shown the machine would have operated if the motorist had complied. Appellant relies upon *State v. Baker*, 56 Wn.2d 846, 355 P.2d 806 (1960), for the proposition that Breathalyzer results cannot be accepted without first showing that the machine was in proper working order. We disagree.

*Baker*, a negligent homicide case in which the Supreme Court was concerned primarily with standards for the admission of the result of a Breathalyzer test, is inapposite. In the instant case, where no test was completed, the result is not relevant. *See Bell v. Department of Motor Vehicles*, 6 Wn. App. 736, 496 P.2d 545 (1972), where the court held that the issue of a Breathalyzer operator's qualifications does not arise until a test is made and the results are offered as evidence against the driver. It is not necessary that the department first make a showing that the Breathalyzer machine is functioning properly. As stated in *Newman v. Stinson, supra* at 828,

> In the absence of a showing of the impossibility of compliance or the likelihood of the harm resulting therefrom, we feel that the requirement of submission to the test contemplates that a sufficient sample be given to permit a test to be made and a test result obtained.

We have held unwillingness to cooperate in the administration of a Breathalyzer test is a refusal, *Strand v. Department of Motor Vehicles*, 8 Wn. App. 877, 509 P.2d 999 (1973), and where the driver was too intoxicated to understand the advice given him and respond intelligently to it, the court, in *Department of Motor Vehicles v. McElwain*, 80 Wn.2d 624, 628, 496 P.2d 963 (1972), stated,

We conclude that when the advice as to the consequences of a refusal is given in the form prescribed by the statute, and the operator, though conscious, does not willingly submit and cooperate in the administration of a test, he must be deemed to have refused.

The purpose of blowing into the Breathalyzer is to obtain a reading for determining the level of intoxication. If the appellant in the instant case was unable to blow an amount of air sufficient to activate the machine, the burden was upon her to present evidence excusing her inability to comply. No such showing was made. The trial court properly found that Patricia Woolman's failure to blow enough air into the Breathalyzer machine to cause it to operate is a nonverbal act amounting to a refusal in the absence of any showing of impossibility of compliance.

Judgment affirmed.

JAMES and CALLOW, JJ., concur.