628 P.2d 63

**Ruth M. SALUDES, Plaintiff-Appellant,**

v.

**The ARIZONA DEPARTMENT OF ECO-NOMIC SECURITY, an Agency, Defendant-Appellee.**

**No. 1 CA–UB 125.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 23, 1981.

Ruth M. Saludes in pro. per.

Robert K. Corbin, Arizona Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for defendant-appellee.

## OPINION

FROEB, Judge.

The issue in this case is whether there was sufficient evidence before the Unemployment Insurance Appeals Board to support its decision denying unemployment compensation benefits because it found that appellant Ruth M. Saludes was unavailable for work.

Saludes, a Harvard University graduate with a master's degree in linguistics and education, had worked for several years in various counseling and teaching positions. Feeling "burned out," she decided that she wanted to be a carpenter and left her position as director of the Free Clinic in Tucson on February 29, 1980. At this time she had no skills whatsoever in construction or carpentry. On March 6, 1980, Saludes filed a claim for unemployment insurance benefits. The claim was denied on May 2 because the deputy found that Saludes was looking for a job for which she was not qualified and would not accept work in the fields in which she had experience.

On May 13, 1980, Saludes appealed this determination. A hearing was held after which the appeal tribunal upheld the decision of the deputy. Saludes then filed a petition for review with the Unemployment Insurance Appeals Board. The decision of the appeal tribunal was affirmed and adopted by the Appeals Board on August 7, 1980.

The only issue in this appeal is whether Saludes was available for work. Other issues raised by her were not argued below and cannot be raised for the first time on appeal. *Mullins v. Horne*, 120 Ariz. 587, 587 P.2d 773 (App.1978).

In order to be entitled to unemployment compensation, it is required by statute that an individual be available for work. A.R.S. § 23–771. The burden of proving work availability rests with the claimant. *Cramer v. Employment Security Commission*, 90 Ariz. 350, 367 P.2d 956 (1962). Unemployment Insurance Rule R6–3–5205(4) defines work as "suitable work (work which is in a recognized occupation, for which the claimant is reasonably fitted and which he does not have good cause to refuse)."

Both the appeal tribunal and the Appeals Board found that because of Saludes' limited experience in carpentry, she could not obtain employment. Further, she would not accept work in fields in which she had experience. It was therefore found that she was unavailable for work. Administrative decisions will only be overturned if they are arbitrary, capricious, or involve an abuse of discretion. *Beason v. Arizona Department of Economic Security*, 121 Ariz. 499, 591 P.2d 987 (App.1979). In this case, the record fully supports the Appeals Board's decision and we reject the contention that it was arbitrary, capricious and an abuse of discretion. It is quite clear that Saludes was attempting to obtain employment in a field for which she was not "reasonably fitted." Her testimony was unequivocal that she would not accept any positions in the fields in which she is trained and qualified.

We therefore affirm the decision of the Unemployment Insurance Appeals Board.

O'CONNOR and WREN, JJ., concur.