729 P.2d 346

**Manuel M. ONTIVEROS,
Plaintiff/Appellee,**

v.

**ARIZONA DEPARTMENT OF TRANS-
PORTATION, Defendant/Appellant.**

**No. 2 CA–CIV 5764.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 26, 1986.

Sevrin J. Huselid, Globe, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by William S. Jameson, Jr., Phoenix, for defendant/appellant.

OPINION

HATHAWAY, Chief Judge.

The state appeals from a superior court decision overturning a finding by a Department of Transportation (DOT) hearing officer that appellee had refused to submit to a breath test.

Appellee was stopped by a Department of Public Safety (DPS) officer because his vehicle was weaving over the white line. He failed a field sobriety test, was arrested and taken to the Globe Sheriff's office where the officer attempted to administer an intoxilyzer test. The officer testified at the DOT hearing that appellee blew small puffs of breath into the machine and refused to give a full steady breath sufficient to cause the machine to print the result on the printout card. The officer cited appellee for refusing to take the test. Appellee requested a hearing. At the hearing, the DPS officer and appellee, who was represented by counsel, testified. A transcript of the testimony is part of the record. The hearing officer made findings of fact and conclusions of law and determined that appellee had refused to take the test. On appeal, the superior court reversed the hearing officer's decision.

■ On appeal from an administrative decision, the court should only overturn that decision if it was arbitrary, capricious

or an abuse of discretion. *Saludes v. Arizona Department of Economic Security*, 129 Ariz. 26, 628 P.2d 63 (App.1981). The scope of review in the superior court was "limited to deciding whether the administrative action was illegal, arbitrary, capricious, or involved an abuse of discretion." *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 398, 510 P.2d 42, 510 P.2d 42, 44 (1973). An administrative decision may be set aside only if it is unsupported by competent evidence. *City of Tucson v. Mills*, 114 Ariz. 107, 559 P.2d 663 (App.1976). Even when "two inconsistent factual conclusions could be supported by the record, then there is substantial evidence to support an administrative decision that elects either conclusion." *Webster v. State of Arizona Board of Regents*, 123 Ariz. 363, 365–66, 599 P.2d 816, 818–19 (App.1979). The superior court cannot substitute its judgment for that of the administrative agency involved.

The arresting officer testified that appellee verbally agreed to take the test and, when first given the test, would "just act like he was blowing ..." and would "blow little puffs" that did not trigger imprinting of the test results. At the first attempt, to his amusement, he deposited chewing gum on the mouthpiece. In all of his three submissions to the test, his attitude appeared one of gamesmanship to avoid a true test. The trial court noted that while no test results were obtained, the appellee satisfied the requirements for submitting to the test.

The record discloses, however, that although he verbally agreed to the test, his acceptance was negated by his conduct. To permit satisfaction of the implied consent law by partially taking the test would give suspects "the best of both worlds," escaping sanction under the implied consent law while charading through an unuseable test. The Colorado Court of Appeals dealt with a similar situation in *Baker v. State Department of Revenue, Motor Vehicle Division*, 42 Colo.App. 133, 593 P.2d 1384 (1979). There, defendant furnished an insufficient breath sample permitting the state to obtain only an estimate of blood alcohol content. The defendant was found to have made a "non-verbal refusal" because:

> [T]he law requires the taking of a test, not merely consenting to it and partially taking the test. "Where the test fails for reasons attributable to petitioner it is proper to find no consent by him." (citation omitted) A test that is sabotaged by the actions of the person tested is of the same legal effect as no test at all. Conduct constituting less than cooperation by the licensee in taking the test is tantamount to a refusal, or a revocation of prior consent, and provides a basis for imposition of the sanctions specified in the implied consent law.

*Baker*, supra, at 1836. Also see, *Finley v. Orr*, 69 Cal.Rptr. 137, 262 Cal.App.2d 656 (1968); *Hatch v. State*, 177 Ind.App. 231, 378 N.E.2d 949 (1978); *Newman v. Stinson*, 489 S.W.2d 826 (Ky.App.1972); *Commonwealth Department of Transportation, Bureau of Traffic Safety v. Hanes*, 49 Pa.Comm. 407, 411 A.2d 571 (1980); *Powell v. Cox*, 608 P.2d 239 (Utah 1980); *Woolman v. State Department of Motor Vehicles*, 15 Wash.App. 115, 547 P.2d 293 (1976).

There was ample evidence to support the hearing officer's decision, and the superior court erred in reweighing the evidence and overturning that determination. The decision of the superior court is reversed and the decision of the hearing officer is affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.