732 P.2d 1119
**Kenneth A. KUZNICKI,
Plaintiff/Appellee,**

v.

**ARIZONA DEPARTMENT OF TRANSPORTATION, Defendant/Appellant.**

**No. 2 CA–CV 5863.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 18, 1986.

Reconsideration Denied Jan. 26, 1987.

  "8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

Law Offices of John A. O'Brien, P.C., John A. O'Brien, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen., by Samuel Ruiz, Phoenix, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Appellee, Kenneth Kuznicki, was arrested for driving while intoxicated. He was given the opportunity to take a breath test five times. On each occasion, he blew out the side of his mouth despite instructions not to do so. On one occasion, however, a reading was obtained although the machine characterized the breath sample as "deficient." The arresting officer then told appellee that he would be treated as having refused the test. The officer also charged appellee with driving with a blood alcohol level in excess of .10. At the administrative hearing to revoke appellee's license for failure to take the breath test, it was argued that the state could not on the one hand contend that the sample furnished provided proof of guilt and on the other hand contend that the appellee had refused to be tested. The hearing officer disagreed and revoked appellee's license. On appeal, the superior court reversed. We reverse the superior court.

As we said in *Ontiveros v. Arizona Department of Transportation*, 151 Ariz. 542, 729 P.2d 346 (App.1986):

> "An administrative decision may be set aside only if it is unsupported by competent evidence. *City of Tucson v. Mills*, 114 Ariz. 107, 559 P.2d 663 (App.1976). Even when 'two inconsistent factual conclusions could be supported by the record, then there is substantial evidence to support an administrative decision that elects either conclusion.' *Webster v. State of Arizona Board of Regents*, 123 Ariz. 363, 365–66, 599 P.2d 816, 818–19

(App.1979). The superior court cannot substitute its judgment for that of the administrative agency involved."

The parties are agreed that the failure to furnish a sufficient breath sample is properly treated as a refusal to take the test. We so held in *Ontiveros*. Thus, there was competent evidence to support the finding of the hearing officer in this case.

Appellee seeks to avoid affirmance of the hearing officer by arguing that he was prevented from offering evidence that he had not refused to take the test. We do not so read the record. Essentially all the hearing officer ruled was that an unuseable test did not satisfy the statute. That a deficient breath sample prompted a (perhaps unprovable) charge of driving with a blood alcohol level in excess of the statutory limit and that it could be reanalyzed by an independent expert are simply irrelevant to the issue of whether such a sample complied with the statutory obligation to take a breath test. See *Ontiveros v. State Department of Transportation*, supra; *Baker v. State Department of Revenue, Motor Vehicle Division*, 42 Colo.App. 133, 593 P.2d 1384 (1979). Nothing prevented the appellee from offering evidence at the hearing that the sample provided was not deficient. He did not do so.

In these circumstances, there was evidence to support the hearing officer's decision. No relevant evidence was excluded. The decision of the superior court is reversed and the decision of the hearing officer is affirmed.

HOWARD and LACAGNINA, JJ., concur.