826 P.2d 808

William Paul OWEN,
Plaintiff/Appellant,

v.

James S. CREEDON, Acting Director, and Richard W. Raymond, Hearing Officer, Motor Vehicle Division, Department of Transportation, State of Arizona, Defendants/Appellees.

No. 2 CA–CV 91–0206.

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 20, 1992.

**512**

Fred Belman, Tucson, for plaintiff/appellant.

Grant Woods, Atty. Gen. by Richard Kamps, Phoenix, for defendants/appellees.

## OPINION

HOWARD, Judge.

This is an appeal from a superior court order affirming an order of the Arizona Department of Transportation, Motor Vehicle Division, suspending appellant's driver's license for refusal to submit to an intoxilyzer. Appellant contends the superior court erred in sustaining the decision of the Motor Vehicle Division because there was insufficient evidence that he was driving or in physical possession of a motor vehicle while under the influence of intoxicants and because he did not refuse to submit to an intoxilyzer. We disagree and affirm.

The facts addressed before the hearing officer of the Motor Vehicle Division are as follows. Officer French of the Tucson Police Department responded to the East Second and North Santa Rosa area to assist off-duty Officer Rillos in reference to a domestic dispute which was taking place in front of Rillos' residence. Upon arrival, French found a woman standing by the curb crying and appellant standing near a vehicle. The engine of the vehicle had been turned off and the keys to the vehicle had apparently been thrown into the front yard of Rillos' home.

The woman advised French that appellant was giving her a ride home when they began having an altercation. Appellant admitted that he had been driving the vehicle. Because French could detect a strong odor of alcohol on appellant's breath and because appellant admitted that he had been drinking, a field sobriety test was administered which appellant failed.

French arrested appellant for driving while under the influence and Officer Rhind of the Tucson Police Department DUI Squad arrived at the scene to administer a breath test.

Appellant was given two breathalyzer tests. On the first test appellant started out not blowing and then afterwards blew around the mouthpiece instead of into it. The machine reported a blood alcohol content result of 0.150 percent and read "deficient sample."

The second test resulted in another deficient sample because appellant blew around the mouthpiece instead of into it. Appellant blew with and without his false teeth on each of the two tests. He was advised several times that blowing an incomplete or deficient test was a refusal and his license could be suspended. No further attempts were made to administer any additional test and the deficient results were considered a refusal thus leading to the hearing before a hearing officer for the Motor Vehicle Division. Appellant did not testify at that hearing.

■ An administrative decision may be set aside only if it is unsupported by competent evidence. Even if two inconsistent factual conclusions could be supported by the record, there is substantial evidence to support an administrative decision that chooses either conclusion. The superior court is not permitted to substitute its judgment for that of the administrative agency involved. *Ontiveros v. Arizona Department of Transportation*, 151 Ariz. 542, 729 P.2d 346 (App.1986); *Kuznicki v. Arizona Department of Transportation*, 152 Ariz. 381, 732 P.2d 1119 (App.1986).

Relying on *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983), appellant contends there were no reasonable grounds to believe he was driving or in actual physical control of the motor vehicle.

We do not believe that *Zavala* is controlling since it involved a criminal prosecution for driving under the influence and not a license suspension which is a civil action.[1] The governing statute in this case is our implied consent law, A.R.S. § 28–691. The scope of implied consent is limited to the following issues: (1) if the law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within the state while under the influence of intoxicating liquor; (2) if the person was placed under arrest; (3) if the person refused to submit to the test; and (4) if the person was informed of the consequences of the refusal. *Sherrill v. Department of Transportation*, 165 Ariz. 495, 799 P.2d 836 (1990). In a civil license suspension proceeding the state bears the burden of proof to establish the above elements by a preponderance of the evidence. *Id.* It did so.

All of these facts were established at the administrative hearing. Appellant was arrested for driving while under the influence of intoxicating liquor. There is no requirement under the implied consent statute that the arrest be a valid arrest or that he be convicted for the offense. Since both appellant and his female companion told the police officers that appellant had been driving the vehicle, the officers had reasonable grounds to believe that appellant was driving the vehicle or in physical control of the vehicle while under the influence of intoxicating liquor. In addition, it is undisputed that appellant was warned of the consequences of refusing to submit to the intoxilyzer. A.R.S. § 28–691(B) states that a failure to expressly agree to the test or successfully complete it is deemed a refusal. Appellant relies on *Sherrill* for the

argument that here there was no evidence of a refusal to successfully complete the test. Appellant's reliance on *Sherrill* is misplaced. *Sherrill* held that as a matter of law a "deficient sample," by itself, does not constitute sufficient evidence of an unsuccessful completion of a breath test. Here, unlike the facts in *Sherrill*, there was evidence of appellant's non-cooperation in taking the breath test. Appellant points out that Rhind testified that the intoxilyzer registered 0.10 percent of alcohol in the blood when it showed "deficient sample" and that the reading was sufficient to write a citation. Appellant argues that this shows there was no refusal or failure to complete the test. We do not agree. Even if a reading of 0.10 percent or more is obtained, if the test is deficient, there is still a failure to successfully complete the test. *Kuznicki v. Arizona Department of Transportation, supra.*

There being competent evidence to support the decision of the hearing officer, we affirm.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.

---

1. In *Zavala* the court held that where a defendant was unconscious, the key to the ignition was in the off position and the motor was not running, he was not in control of a vehicle while not actually driving it or having it in motion and he could not be convicted of being in "actual physical control" under the statute making it a crime to be in actual physical control over a vehicle while under the influence of intoxicating liquor.