176 Ariz. 137 (1993)
859 P.2d 760
Michael EDWARDS, Plaintiff-Appellee,
v.
ARIZONA DEPARTMENT OF TRANSPORTATION/MOTOR VEHICLE DIVISION and Judy E. Ross, the Director thereof, Defendants-Appellants.
No. 1 CA-CV 91-0459.
Court of Appeals of Arizona, Division 1, Department C.
April 15, 1993.
Reconsideration Denied May 28, 1993.
Review Denied October 19, 1993.
*138 Grant Woods, Atty. Gen. by Graham Alex Turner, Asst. Atty. Gen., Phoenix, for defendants-appellants.
Geoffrey T. Jones, P.C. by Geoffrey T. Jones, Phoenix, for plaintiff-appellee.
OPINION
WEISBERG, Judge.
The Department of Transportation ("the department") appeals from the judgment reversing its suspension of the appellee's driver's license. In this opinion, we hold that the warnings mandated by Ariz. Rev. Stat. Ann. ("A.R.S.") section 28-691(B) correctly reflect the applicable statutory law. We reverse the superior court's holding to the contrary.
FACTS
On October 16, 1990, appellee Michael Edwards was arrested for driving under the influence ("DUI"). The officer who "processed" Edwards for DUI informed him of the implied consent law. See A.R.S. § 28-691. He read Edwards the "Adminper se/Implied Consent" affidavit verbatim. The affidavit included the following:
Arizona law requires you to submit to and successfully complete a test or tests chosen by the law enforcement officer to determine the alcohol or drug concentration of your blood.
If the results of the test indicate your alcohol concentration is .10 or above, your Arizona driver license/permit or nonresident privilege will be suspended for ninety (90) consecutive days.
If you refuse to submit or do not successfully complete the specified test or tests, your Arizona driver license/permit or nonresident driving privilege will be suspended for twelve (12) months. You are, therefore, required to submit to a test.
The officer then asked Edwards if he would consent to a breath test. After some indecision, Edwards refused. The officer then served a suspension order on him. Edwards subsequently requested a hearing before the department. After the *139 hearing, a hearing officer affirmed the suspension and denied Edwards' motion for rehearing. Edwards then filed this action in the superior court seeking review under the Administrative Review Act. See A.R.S. §§ 12-901 to -914. After briefing, the superior court entered judgment voiding the suspension and awarding Edwards attorney's fees pursuant to A.R.S. section 12-348. The department filed a timely notice of appeal.
DISCUSSION
A. Appellee's Argument
Under A.R.S. section 28-691(A), all persons who operate a motor vehicle in Arizona implicitly consent to a test to determine their alcohol concentration. The law enforcement officer is required to inform the suspected violator of the consequences of refusing to take the test and the consequences resulting from a test that reveals alcohol content above the legal limits:
Following an arrest a violator shall be requested to submit to and successfully complete any test or tests prescribed by subsection A of this section, and if the violator refuses he shall be informed that his license or permit to drive will be suspended or denied for twelve months unless he expressly agrees to submit to and successfully completes the test or tests.... The violator shall also be informed that if the test results show a blood or breath alcohol concentration of 0.10 or more ... his license or permit to drive will be suspended or denied for not less than ninety consecutive days.
A.R.S. § 28-691(B).
Edwards concedes that the officer read him the warnings required by A.R.S. section 28-691(B). He characterizes the essence of the warnings as informing DUI suspects "that they would be unable to drive for 90 consecutive days." He argues that this information is legally incorrect and, therefore, the suspension of his license deprived him of due process.
Edwards' argument is based on A.R.S. section 28-694(B), which allows certain violators to have restricted driving privileges.
If the violator fits that statute's criteria, the department is to suspend the violator's driving privileges for a period of thirty days, followed by a sixty-day period of restricted driving. Thus, Edwards argues, a person who tests higher than the legal limit will not necessarily have his license suspended for ninety days. Consequently, he claims that A.R.S. section 28-691(B), in warning that a test above the legal limit will result in the driver's license being suspended for at least ninety days, is incorrect.
Edwards contends that this distinction affected his decision to refuse the test. He reasons that his livelihood depended greatly on his ability to drive a car. This fact made his decision difficult. On the one hand, he faced a twelve-month suspension if he refused the test. On the other hand, he believed he faced a period of ninety days without driving privileges if he took the test and his alcohol content proved excessive. Also, the latter choice would require him to provide the state with inculpatory evidence, possibly leading to his criminal conviction. He testified that he could have made alternative driving arrangements for thirty days, but not for ninety days. Edwards asserts that, had he known of the provisions of A.R.S. section 28-694(B), which provide the possibility that he could lawfully drive to and from work following a thirty-day suspension, he would have consented to the test.
Edwards concludes that due process required the officer to inform him of the provisions of A.R.S. section 28-694(B) because the failure to inform him about the possibility of a lesser suspension precluded his refusal from being knowing and voluntary. The superior court agreed, holding that Edwards "was incorrectly and illegally advised of the consequences of taking a breath test." The court further found that Edwards relied to his detriment on the incorrect information.
B. Reliance on Incorrect Information
Initially, we note that the trial court erred in making the factual finding that Edwards relied on the "incorrect information *140 to his detriment." The hearing officer found otherwise. Because this case was not subject to de novo review, see A.R.S. § 12-910(B), the court was not permitted to take evidence "in support of or in opposition to a finding ... of the administrative agency...." A.R.S. § 12-910(A). Rather, its review was limited to determining whether the agency's decision was arbitrary, capricious, or an abuse of discretion. Ontiveros v. Arizona Dep't of Transp., 151 Ariz. 542, 543, 729 P.2d 346, 347 (App. 1986). An administrative decision may be set aside only if it is unsupported by competent evidence. Id. at 542-43, 729 P.2d at 346-47.[1] Therefore, the trial court was not justified in making this factual finding.
C. Legal Correctness of Section 28-691(B)
Even more significantly, A.R.S. section 28-691(B) is not "legally incorrect." The department is presumptively required to suspend, for at least ninety days, the license of any person whose alcohol concentration exceeds the legal limit. A.R.S. § 28-694(A). However, a qualifying person may obtain limited driving privileges:
Notwithstanding subsection A of this section, the department shall suspend the driving privileges of the person for a period of not less than thirty consecutive days and restrict the driving privileges of the person for a period of not less than sixty consecutive additional days to travel between the person's place of employment and residence and during specified periods of time while at employment ... if the person [qualifies under the statute's criteria].
A.R.S. § 28-694(B).
Subsection B grants an exception to the ninety-day suspension in statutorily delimited cases. Even if the violator falls under this exception, his or her driving privileges are severely restricted for the entire ninety days. We do not believe that due process requires an officer to advise a DUI suspect of all possible eventualities under the implied consent statute. The warning given sufficiently sets forth the likely consequence of refusal. The distinction between the presumptive ninety-day suspension and the exceptional thirty-day suspension with sixty days severe restriction is not enough to demand a more detailed warning.
Viewed in this light, it is clear that the warning mandated by A.R.S. section 28-691(B) is not "legally incorrect." Rather, it correctly reflects the presumptive consequences that follow a test result above the legal limit: a ninety-day license suspension. Section 28-694(B) provides an exception to the suspension if the violator qualifies, but it does not affect the presumption itself.
The supreme court has recently rejected much the same argument in a similar DUI context:
[Appellant] argues that the information provided to him was insufficient to enable him to knowingly, intelligently, and voluntarily waive his rights because the police officer failed to explain what the absence of a breath sample would mean to his defense if he chose the breath test. We are not persuaded. Each defendant was told of his right to demand a blood test with preserved sample and was told that if he chose replicate breath testing there would be no sample. The information given by the police was adequate to satisfy due process. The police are not in the business of giving legal advice, nor will we put them in that position. To require police officers to attempt to explain to a defendant what the absence of a breath sample would mean to his or her case would be to require them to practice law.
State ex rel. Dean v. City Court, 163 Ariz. 510, 514-15, 789 P.2d 180, 184-85 (1990). Due process does not require that the law *141 enforcement officer explain the nuances of A.R.S. section 28-694.
CONCLUSION
The warning mandated by A.R.S. section 28-691(B) is not "legally incorrect." It accurately and sufficiently reflects the law. The superior court erred in reversing the license suspension.[2] Therefore, the judgment is reversed and the cause is remanded to the superior court with directions to reinstate the Department of Transportation's order suspending Edwards' driver's license.
GARBARINO, P.J., and NOYES, J., concur.
NOTES
[1] Edwards argues that his testimony on this subject was uncontroverted and the hearing officer could not reasonably reject it. We disagree because Edwards is a party. The trier of fact, here the hearing officer, is not required to accept the uncontradicted testimony of an interested witness, including a party. Aries v. Palmer Johnson, Inc., 153 Ariz. 250, 261, 735 P.2d 1373, 1384 (App. 1987); Nystrom v. Massachusetts Casualty Ins. Co., 148 Ariz. 208, 214, 713 P.2d 1266, 1272 (App. 1986).
[2] Because of this conclusion, we need not reach the state's argument that the superior court erred in awarding the appellee attorney's fees under A.R.S. section 12-348.