859 P.2d 764

**Todd D. AAKHUS, Petitioner–Appellee,**

v.

**Paul Rex HAMMOCK, Director of the Motor Vehicle Division of Arizona Department of Transportation, Respondent–Appellant.**

No. 1 CA–CV 92–0357.

Court of Appeals of Arizona, Division 1, Department D.

July 27, 1993.

Redesignated as Opinion and Publication Ordered Sept. 16, 1993.

---

Frederick M. Aeed, Phoenix, for petitioner-appellee.

Grant Woods, Atty. Gen. by Richard Kamps, Asst. Atty. Gen., Phoenix, for respondent-appellant.

## OPINION

CLABORNE, Judge.

This case deals with the construction of Ariz.Rev.Stat. Ann. ("A.R.S.") section 28–691 (1992) and the meaning of "successful completion." A deficient breath sample which showed a blood alcohol content above 0.10% was taken. There was evidence that the deficiency of the sample resulted from willful noncooperation. The State used the deficient sample to cite Appellee for the criminal charge under A.R.S. section 28–692(A)(2) (Supp.1992).

We hold that because the driver in this case was found to be noncooperative during the breath test, he did not successfully complete the test, even though the prosecutor attempted to use the deficient sample to obtain a criminal DUI conviction.

## FACTS AND PROCEDURAL HISTORY

Appellee Todd D. Aakhus ("Aakhus") was arrested for driving while under the influence of intoxicating liquors (DUI) after a Scottsdale police officer determined from field sobriety tests that Aakhus had been driving while impaired. Aakhus was transported to the Scottsdale Police Department where the arresting officer advised him of Arizona's implied consent law and his Miranda rights and asked him to take a test on an Intoxilyzer 5000 to determine his blood alcohol content (BAC). At that point, Aakhus verbally agreed to take the test.

After observing Aakhus for the required twenty minutes, the police officer instructed him on how to take the test. Aakhus blew into the machine but did not blow hard enough to activate the tone on the machine or for the machine to obtain a reading. The officer reinstructed Aakhus on how to take the test and asked him to blow harder. According to the officer,

Aakhus replied, "I am blowing as hard as I can and you can't prove different." Aakhus then blew into the machine again, and the tone sounded for about one second. That attempt gave a BAC result of 0.191%, but the machine showed that the sample was deficient. The police officer told Aakhus that he considered the deficient sample to be a refusal to take the test. According to the officer, he did not ask Aakhus whether he wanted to try the test again. The officer told Aakhus that Aakhus could lose his driver's license if he did not complete the test. According to the officer, Aakhus made an "off the wall" statement like "go ahead and take my license."

The officer read Aakhus the order of suspension pursuant to A.R.S. section 28–691 and had Aakhus sign the form containing the order suspending his driver's license for twelve months for failure to complete the breath test. The officer also issued citations against Aakhus for violations of A.R.S. sections 28–692(A)(1), driving under the influence of alcohol and while impaired, and 28–692(A)(2), having a BAC of 0.10% or more within two hours of driving.

Aakhus appealed the twelve-month suspension of his driver's license to the Arizona Department of Transportation Motor Vehicle Division (MVD). Following a hearing on the proposed suspension, the MVD hearing officer concluded that even though the State had used the deficient sample to cite Aakhus for driving with a BAC of 0.10% or more, the holding in *Sherrill v. ADOT,* 165 Ariz. 495, 799 P.2d 836 (1990), did not estop the State from suspending Aakhus' license for failure to complete the test. The reason given was that the State had not yet obtained a conviction of Aakhus and because Aakhus had engaged in "gamesmanship" in taking the Intoxilyzer test. The hearing officer found that Aakhus' "gamesmanship" constituted a refusal to take the initial test and that his statement to the police officer to the effect of "go ahead and take my license" constituted an outright refusal to take a second test.

The hearing officer made the required findings that the police officer had reasonable grounds to believe that: Aakhus had been driving while under the influence of intoxicating liquor; Aakhus was placed under arrest; Aakhus was asked to submit to a test to determine the alcohol content of his blood; Aakhus was warned that a refusal to submit to the test would result in the suspension of his driver's license, and he refused to take the test. Accordingly, the hearing officer ordered that Aakhus' driver's license be suspended for twelve months.

After the hearing officer denied his request for rehearing, Aakhus filed a petition in superior court appealing the administrative decision. He alleged that the hearing officer's findings of fact and conclusions of law were incomplete and erroneous because (1) the evidence showed that Aakhus had not refused to take the test, (2) the fact that Aakhus was charged with driving with a BAC of 0.10% or higher showed that he submitted to the breath test, and (3) the State prosecuted Aakhus for driving with a BAC of 0.10% or higher and thus was estopped from suspending his license for failure to complete the breath test it relied on to prosecute him.

The superior court reversed the administrative ruling. It explained:

> The State argues that plaintiff did not blow *long enough* to get a proper sample. There is no other allegation of improper blowing. The fact is that plaintiff took the test, blew hard and long enough to register a .019 (although the machine printed "deficient sample"), and the State used the reading to file criminal charges. Obviously, the State believed the test was successfully completed and this Court concurs.

Paul Rex Hammock, MVD Director, timely appealed from the superior court judgment.

## DISCUSSION

### A. Standard of Review

On appeal from an administrative decision, the reviewing court may set the decision aside only if it is not supported by competent evidence. *Sherrill*, 165 Ariz. at 497, 799 P.2d at 838; *Owen v. Creedon*, 170 Ariz. 511, 512, 826 P.2d 808, 809 (App. 1992). If two inconsistent factual conclusions can be supported by the record, the reviewing court must treat the conclusion chosen by the administrative hearing officer as being supported by substantial evidence. *Ontiveros v. Arizona Dep't of Transp.*, 151 Ariz. 542, 543, 729 P.2d 346, 347 (App.1986). The superior court may not substitute its judgment for that of the administrative agency. *Id.*

An implied consent [1] hearing is limited to determination of the following issues:

> (1) whether the law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle within this State while under the influence of intoxicating liquor;
>
> (2) whether the person was placed under arrest;
>
> (3) whether the person refused to submit to the test; and
>
> (4) whether the person was informed of the consequences of the refusal.

*See* A.R.S. § 28–691(G); *Sherrill*, 165 Ariz. at 498, 799 P.2d at 839 (citation omitted). The State has the burden to establish these elements by a preponderance of the evidence. *Id.* The element at issue in this appeal is whether Aakhus refused to submit to the test to determine BAC. Pursuant to A.R.S. section 28–691(B), "[a] failure to expressly agree to the test or successfully complete the test is deemed a refusal."

### B. Proof of Refusal to Take Breath Test

To decide this appeal, we must determine how the *Sherrill* decision should be applied to the facts of this case. MVD argues that

---

1. The implied consent law provides that every motor vehicle operator in this state impliedly consents to submit to a test to determine his or her BAC if arrested for DUI. A.R.S. § 28– 691(A). Following an arrest, if the violator refuses the test, no test is given and the MVD will suspend his or her driver's license for twelve months. A.R.S. § 28–691(B) and (D).

*Sherrill* does not allow Aakhus to escape the suspension of his license for two reasons. First, in *Sherrill*, there was no evidence of noncooperation as there is here. The hearing officer found that Aakhus engaged in "gamesmanship," which constituted noncooperation and a refusal to submit to the breath test; in *Sherrill* the licensee cooperated fully. Second, even though the prosecutor used Aakhus' BAC results to file criminal charges against him, at the time of the MVD suspension hearing the prosecution had not used the results of the test to obtain a conviction as Hammock believes is required by *Sherrill.*

In response, Aakhus claims that *Sherrill* does not require that the licensee be convicted in the criminal proceeding before the prosecution's use of the "deficient sample" can be deemed to render the breath test successfully completed. Aakhus interprets *Sherrill* as holding that a deficient sample used to attempt to obtain a conviction of DUI with a BAC of 0.10% or higher cannot support a finding of refusal to take the breath test. He argues that the evidence does not reveal any willful noncooperation as required by *Sherrill* and that the MVD failed to establish that it did not get a usable test from Aakhus. Further, the MVD, says Aakhus, failed to present any evidence of the meaning of a "deficient" reading from the machine.

Regarding the application of *Sherrill*, the hearing officer concluded:

> The Attorney for Petitioner raised a number of issues regarding the alcohol content value stated being available for use in the criminal trial and moved to dismiss based upon the Supreme Court holding in *Sherrill v. ADOT*, 165 Ariz. 495, 799 P.2d 836 (1990). The motion is without merit because unlike *Sherrill*, there has been no conviction of this Petitioner at the time of hearing. The evidence objected to has not been used by the State, although under the *Collins* ruling it very likely may be so admitted, and further, here we have evidence of gamesmanship.... [Petitioner's] conduct does not match that of Ms. Sherrill, who the Officer testified failed to provide a

valid sample after a good faith effort to do so. The Supreme Court limited its decision to the record before them in the *Sherrill* case and did not blanket all cases where a "usable" sample may be advanced by the State in the criminal matter.

Unlike the hearing officer, we do not believe the status of the prosecution's use of the BAC results is dispositive. We conclude that we must determine how *Sherrill* applies to a situation where a deficient sample was obtained and noncooperation found. "The civil suspension proceeding for refusing to submit to the test is separate from and unrelated to the criminal prosecution for DUI." *Sherrill*, 165 Ariz. at 498, 799 P.2d at 839. A filing of the charge or its prosecution is immaterial.

In *Sherrill*, the Arizona Supreme Court excluded from its holding situations in which there is evidence of willful noncooperation. The opinion means that even when the prosecution attempts to use a deficient sample to convict the licensee of driving with a BAC of more than 0.10%, the State can satisfy its burden of showing that the licensee refused to take the breath test by producing competent evidence that the licensee engaged in noncooperative behavior. For example, the *Sherrill* court stated:

> In the absence of any other evidence of petitioner's resistance to the test, indicated by either verbal or nonverbal *willful noncooperation*, we believe the fact that the prosecution utilized a test result with a reading above 0.10% BAC, the legal presumption of intoxication, as valid evidence to obtain a criminal DUI conviction, is a relevant factor in determining whether petitioner "refused" to take the test. Such a factor need not preclude a finding of refusal, however, if other evidence in the record satisfies the state's burden of proof.

*Sherrill*, 165 Ariz. at 499, 799 P.2d at 840 (emphasis added). In this passage, the court indicated that if there was no evidence that a licensee resisted taking the breath test, the hearing officer could consider the prosecution's use of a deficient

sample to obtain a DUI conviction as a relevant factor in determining whether the licensee refused to take the test. Conversely, then, if there was evidence that the licensee resisted taking the breath test, it would be unnecessary for the hearing officer to consider the prosecution's use of the sample to determine whether the test had been successfully completed. This converse application of the statement makes sense. The *Sherrill* court allowed that even with the use of the sample in a prosecution, it might be possible for the State to prove by other evidence that the licensee had refused to take the breath test.

The *Sherrill* court indicated that its holding—that the State failed to meet its burden to show a refusal to successfully complete the test—did not encompass a situation in which there was evidence of willful noncooperation. In one instance, the court stated:

> When the state fails to present evidence showing that it was unable to obtain a usable result from a driver, and in the face of evidence that it actually used a test result to establish intoxication and obtain a conviction in a criminal proceeding, the state fails to establish a "refusal" under the implied consent statute, *absent evidence of willful noncooperation.*

*Id.* at 502, 799 P.2d at 842 (emphasis added). Later in the opinion, the court said that "[i]f the state used a deficient sample as competent evidence to obtain a DUI conviction, then the sample is not sufficient evidence, *by itself,* to prove a refusal to successfully complete a breath test." *Id.* at 503, 799 P.2d at 843 (emphasis in original).

We conclude that the *Sherrill* court did not establish a blanket rule that a breath test is deemed to be successfully completed whenever a prosecutor uses a deficient sample to obtain a criminal DUI conviction. Instead, *Sherrill* means that a deficient sample, when used against a licensee in criminal DUI proceedings, is not sufficient evidence *by itself* to prove a refusal to successfully complete a breath test. Our interpretation of *Sherrill* is consistent with

the application of *Sherrill* in *Owen v. Creedon,* 170 Ariz. at 513, 826 P.2d at 810. Thus, *Sherrill* leaves open the possibility that the State may prove a refusal to successfully complete a test based on evidence of willful noncooperation.

 In Aakhus' case, the hearing officer found that Aakhus engaged in gamesmanship, which the officer considered to be a refusal, and that both Aakhus' failure to request a third test and his statement of "go ahead and take my license" constituted an outright refusal to take a third test. It is well-established that refusal to take a breath test need not be verbal; "conduct constituting less than cooperation by the licensee is tantamount to a refusal." *Robinson v. Prins,* 161 Ariz. 195, 197, 777 P.2d 693, 695 (App.1989), *aff'd,* 161 Ariz. 198, 777 P.2d 696 (1989). As examples of nonverbal refusals, *Robinson* cites *Ontiveros,* in which the licensee "deposited chewing gum on the mouthpiece of the testing device, blew 'little puffs of air,' and otherwise displayed an attitude of 'gamesmanship' rather than cooperation," and *Kuznicki v. Arizona Dep't of Transp.,* 152 Ariz. 381, 732 P.2d 1119 (App.1986), in which the licensee blew out the sides of his mouth despite repeated instructions not to do so. *Robinson,* 161 Ariz. at 197, 777 P.2d at 695.

Even though Aakhus maintained that he did not intend to be noncooperative during the test, the police officer's testimony was to the contrary. Because either of two inconsistent factual conclusions could have been reached based on the record, the superior court was not entitled to find that there was no substantial evidence to support the administrative decision.

## C. Conclusion

Under *Sherrill,* the fact that the prosecutor used Aakhus' deficient breath sample to file a criminal DUI charge against him does not serve as a presumption that Aakhus successfully completed the test. Even given the prosecution's use of the deficient sample, Aakhus' license could be suspended for refusing to submit to the test based on his noncooperation. The administrative record contained sufficient evidence to sup-

port the hearing officer's conclusion that Aakhus' behavior constituted a refusal. Therefore, we reverse the decision of the superior court and affirm the decision of the hearing officer suspending Aakhus' driver's license for twelve months.

TOCI, P.J., and GALATI, J.*, concur.