[No. 16730-5-III. Division Three. March 11, 1999.]

WILLIAM MICHAEL ROCKWELL, *Appellant*, v. THE
DEPARTMENT OF LICENSING, *Respondent*.

*C.E. Hormel*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Kimberly A. Loranz, Assistant*, for respondent.

KATO, J. — William M. Rockwell appeals a Grant County Superior Court order upholding the Department of Licensing's revocation of his driver's license for driving while under the influence of intoxicating liquor. Mr. Rockwell contends he was physically incapable of providing a breath sample and thus should have been given a blood test. We conclude the court properly found he refused the breath test.

 At approximately 11:57 P.M. on May 5, 1991, Mr. Rockwell was arrested by Moses Lake Police Officer Victor Serna for driving while under the influence of intoxicating liquor.[1] At the time of the arrest, Officer Serna had reasonable grounds to believe Mr. Rockwell was driving under the influence. The officer's belief was based on Mr. Rockwell's erratic driving, poor performance and lack of coordination on the roadside test, a smell of intoxicants on his person, and his admission that he had been drinking.

Officer Serna took Mr. Rockwell into custody and advised him of his rights under RCW 46.20.308 and of the consequences of refusing to submit to a breath or blood test. The officer read Mr. Rockwell his implied consent and *Miranda*[2] rights, and Mr. Rockwell acknowledged he understood those

---

[1]The facts closely paraphrase the superior court's unchallenged findings, which are verities on appeal. *See State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

[2]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3D 974 (1966).

rights. Officer Serna asked Mr. Rockwell to submit to a breath test.[3] Although Mr. Rockwell placed his mouth over the mouthpiece four or five times, and on at least one occasion gave the appearance of blowing, he did not expel enough air to register two test samples. During Mr. Rockwell's failed attempts at blowing air into the clear mouthpiece, no condensation showed in it. Condensation normally appears in the mouthpiece when a valid sample is given.

Mr. Rockwell never mentioned to Officer Serna that he had any breathing problem or difficulty. At trial, Mr. Rockwell submitted medical evidence indicating that in August 1992 his physician advised him he suffered from several different physical conditions and ailments, including the early stages of emphysema. The physician did not recommend any course of treatment other than to stop smoking. In February 1995, Mr. Rockwell provided spirometry tests that demonstrated mild restriction of his lung capacity. However, Mr. Rockwell did not present any medical evidence that would tend to demonstrate that the diagnosis and test results following his arrest on May 5, 1991 would have any effect on his ability to provide a breath sample on the Blood Alcohol Content (BAC) machine on that date. Also, there was insufficient medical evidence in the record to indicate how severe or restrictive Mr. Rockwell's lung condition was.

Officer Serna submitted to the Department of Licensing a report of Mr. Rockwell's refusal to take a test. The Department then revoked his license, and he appealed to the superior court.

Based upon these findings, the superior court concluded the Department had established by a preponderance of the evidence that Mr. Rockwell refused the breath test. The court further concluded that Mr. Rockwell failed to prove by a preponderance of the evidence that he was physically incapable of taking the breath test. The court concluded

---

[3]Officer Serna testified he is a certified Blood Alcohol Content (BAC) machine operator. The machine was working that night, and he used standard procedures to operate it.

the Department's order of revocation was lawful under RCW 46.20.308.

Former[4] RCW 46.20.308 provided in part:

(1) Any person who operates a motor vehicle within this state is deemed to have given consent, subject to the provisions of RCW 46.61.506, to a test or tests of his or her breath or blood for the purpose of determining the alcoholic content of his or her breath or blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

(2) The test or tests of breath shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor. However, in those instances where: (a) The person is incapable due to physical injury, physical incapacity, or other physical limitation, of providing a breath sample . . . a blood test shall be administered by a qualified person as provided in RCW 46.61.506(4). The officer shall inform the person of his or her right to refuse the breath or blood test, and of his or her right to have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506.

LAWS OF 1989, ch. 337, § 8.

This statute essentially provides that a driver is deemed to have consented to a test to determine the alcohol content of his breath or blood, and if the driver refuses to submit to the test the Department will revoke his driver's license. *See Medcalf v. Department of Licensing*, 133 Wn.2d 290, 944 P.2d 1014 (1997); *Department of Licensing v. Lax*, 125 Wn.2d 818, 821, 888 P.2d 1190 (1995).

■■ A driver is deemed to have refused a breath test if he refuses to comply with testing procedures. *Department*

---

[4]The provision has been amended, but this version of the statute was in effect at the time Mr. Rockwell was arrested in 1991.

*of Motor Vehicles v. McElwain*, 80 Wn.2d 624, 628, 496 P.2d 963 (1972); *Woolman v. Department of Motor Vehicles*, 15 Wn. App. 115, 117, 547 P.2d 293 (1976); *Turner v. Department of Motor Vehicles*, 14 Wn. App. 333, 335-36, 541 P.2d 1005 (1975). Whether a driver has refused a blood/alcohol test by refusing to comply with the testing procedure is a question of fact. *Woolman*, 15 Wn. App. at 117-18; *Turner*, 14 Wn. App. at 336. This is an objective test. *Woolman*, 15 Wn. App. at 117-18; *see also Medcalf*, 133 Wn.2d at 301 (measure of a driver's abilities to take the test is examination of objective conduct).

Absent a showing of impossibility of compliance, a person's failure to blow enough air into the breathalyzer machine to cause it to operate is a nonverbal act amounting to a refusal. *Woolman*, 15 Wn. App. at 118. The burden of proof shifts to the driver to present evidence excusing his inability to comply. *Id.*

It is undisputed here that two samples are required to have a valid breath test. Mr. Rockwell gave only one reading, so there was no valid test. The question presented is whether the court correctly determined Mr. Rockwell's failure to blow enough air into the machine to give a second reading is tantamount to a refusal.[5] The court essentially found from the testimony that Mr. Rockwell was not really blowing into the machine at all, as evidenced by the lack of condensation in the mouthpiece.

The court's findings that Mr. Rockwell failed to show any restriction of lung capacity or evidence of any medical condition that prevented him from performing the breath test are all supported by substantial evidence. He did not mention any breathing problem to the officer, and at trial he failed to establish any medical reason why he could not perform. The court thus found, with ample support in the

---

[5]Mr. Rockwell apparently contends authorities on which the Department relies are inapplicable because they were decided before the Legislature amended RCW 46.20.308 to permit an alternative blood test when a person is incapable of providing a breath sample. However, regardless of the statutory alternative, a failure to establish physical incapability to provide a breath sample still amounts to a refusal. The earlier authorities thus remain applicable.

evidence, that Mr. Rockwell was really refusing to take the test.

Mr. Rockwell argues it is undisputed that no air escaped from his mouth or nose when he was trying to give the sample and that if he was holding his breath he would have had to have done so for a period of two to five minutes. Mr. Rockwell mischaracterizes the testimony. Officer Serna actually testified nothing would have prevented Mr. Rockwell from holding his mouth over the machine's mouthpiece and at the same time breathing through his nose. The officer believed Mr. Rockwell was definitely holding his breath, but did not know if he was breathing through his nose. However, the officer made no concession that Mr. Rockwell was not breathing through his nose. Officer Serna also did not testify that Mr. Rockwell held his breath for five or four or even three minutes. The machine is self-timed to run a two-minute test.

Nonetheless, Officer Serna testified Mr. Rockwell gave the appearance of faking. The specific actions that caused Officer Serna to believe so were that Mr. Rockwell put his mouth on the mouthpiece and puffed up his cheeks and was just pretending he was blowing air because the mouthpiece did not fog up. Also, the machine indicated it was receiving no air and there was no reason to believe anything was wrong with the machine. The objective facts justify a reasonable belief that Mr. Rockwell was faking.

Mr. Rockwell further argues that Officer Serna performed an unauthorized hand-blown breath test to determine Mr. Rockwell's capabilities. Officer Serna showed him how to blow into the machine by blowing on his palm and having Mr. Rockwell do the same to him. This is a standard technique taught at the academy. It was after this demonstration that Mr. Rockwell gave the one valid reading.[6] By doing this, Officer Serna did not incorporate any extraneous activity into the prescribed testing procedures. The same is true for the presence or not of condensation in the

---

[6]The court stated in its oral decision that it found it very compelling in terms of credibility of witnesses that Mr. Rockwell was able "to get one sample out."

mouthpiece. Officer Serna testified that condensation is typically seen when a person is blowing into the mouthpiece and that he did not see any on this occasion. This evidence is an observation that is a matter of weight for the trier of fact to consider when evaluating the objective facts.

Mr. Rockwell did not blow enough air into the machine to cause it to operate. Under *Woolman,* this was a refusal. The burden then shifted to Mr. Rockwell to prove by a preponderance of the evidence an excuse for his noncompliance. The court rejected his excuses; he failed to carry his burden.

■ Once a driver refuses a test, that refusal cannot be rescinded. *See Department of Licensing v. Lax,* 125 Wn.2d 818, 888 P.2d 1190 (1995). Therefore, when Mr. Rockwell refused the breath test, Officer Serna was not required to offer a blood test.

The record supports the superior court's order affirming the revocation. We affirm the superior court's order.

SCHULTHEIS, C.J., and KURTZ, J., concur.

Reconsideration denied April 7, 1999.

Review denied at 138 Wn.2d 1022 (1999).