IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

––––––––––––––––––––––––––

MILES L. KAUFMAN,
*Plaintiff/Appellant,*

*v.*

JOHN HALIKOWSKI, DIRECTOR, ARIZONA DEPARTMENT OF TRANSPORTATION,
*Respondent/Appellee*

No. 2 CA-CV 2023-0018
Filed July 25, 2023

––––––––––––––––––––––––––

Appeal from the Superior Court in Pima County
No. C20221733
The Honorable Richard E. Gordon, Judge

**AFFIRMED**

––––––––––––––––––––––––––

COUNSEL

Miles L. Kaufman, Tucson
*In Propria Persona*

Kristin K. Mayes, Arizona Attorney General
By Gwyndolynn D. Gentry, Assistant Attorney General, Phoenix
*Counsel for Appellee*

## OPINION

Judge O'Neil authored the opinion of the Court, in which Vice Chief Judge Staring and Judge Sklar concurred.

O' N E I L, Judge:

**¶1** Miles Kaufman appeals from the superior court's decision to uphold the suspension of his driver license by the Arizona Department of Transportation (ADOT), which an administrative law judge (ALJ) affirmed after a hearing. We affirm the suspension.

## BACKGROUND

**¶2** Kaufman committed nine traffic violations in less than fifteen months beginning on June 14, 2007. He committed the last of these violations, a DUI, on August 27, 2008. Kaufman was arrested that day and convicted of DUI on December 8, 2008. Based on that and other convictions, he was imprisoned for the next thirteen years and released on August 31, 2021.

**¶3** Three months after his conviction for DUI, Kaufman was judged responsible for a speeding violation he had committed before his arrest. By that time, he had been convicted or judged responsible for six violations that counted for nineteen points against his license. The remaining three violations, however, had not yet been adjudicated by the time of his arrest. Kaufman was judged responsible for the remaining three traffic violations on September 22, 2021, a little more than three weeks after his release. These violations counted for an additional six points, bringing the total points against his license to twenty-five.

**¶4** Two days after these last adjudications, ADOT suspended Kaufman's driver license for twelve months. Kaufman requested a hearing before an ALJ, who affirmed the suspension. The superior court upheld the ALJ's decision. This appeal followed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 12-904, and 12-913. *See Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, ¶ 13 (App. 2014).

## DISCUSSION

**¶5** Kaufman maintains the suspension of his driver license is contrary to law, barred by laches, and excessive. The superior court must

affirm an ALJ's decision unless it "is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(F). We independently review the record to determine whether it supports the administrative decision. *See Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, ¶ 10 (App. 2017). We view the facts in the light most favorable to upholding the agency's decision, which "may be set aside only if it is unsupported by competent evidence." *Tornabene v. Bonine ex rel. Ariz. Highway Dep't*, 203 Ariz. 326, ¶ 2 (App. 2002) (quoting *Ontiveros v. Ariz. Dep't of Transp.*, 151 Ariz. 542, 543 (App. 1986)). We review questions of law de novo. *Comm. for Just. & Fairness v. Ariz. Sec'y of State's Off.*, 235 Ariz. 347, ¶ 17 (App. 2014).

## I. Legal Basis for Suspension

**¶6**        When a driver accumulates twenty-four or more points in a period of thirty-six months, A.A.C. R17-4-404(E)(1)(d) calls for a twelve- month suspension. Kaufman does not dispute the violations, their dates, or that they ultimately counted for a total of twenty-five points. But he asserts he should not have received a twelve-month suspension because, even though his violations occurred within a period of thirty-six months, the resulting convictions and adjudications did not. He argues that he only accumulated points on the date when each violation resulted in conviction or judgment.

**¶7**        Arizona law grants ADOT authority to suspend a driver license for several enumerated reasons under A.R.S. § 28-3306(A). In enacting this statutory grant, R17-4-404 has the force of law provided it is consistent with the enabling legislation. *See, e.g.*, *Santorii v. MartinezRusso, LLC*, 240 Ariz. 454, ¶ 8 (App. 2016); *Sharpe v. Ariz. Health Care Cost Containment Sys.*, 220 Ariz. 488, ¶ 19 (App. 2009). Relevant here, § 28- 3306(A)(3) provides the following authority:

> The department may suspend or revoke the license of a driver . . . on a showing by department records or other sufficient evidence that the licensee . . . [h]as been convicted of or adjudged to have violated traffic regulations governing the movement of vehicles with such a frequency that it indicates a disrespect for traffic laws and a disregard for the safety of other persons on the highways.

We apply the plain meaning of a statute whose text is clear and unambiguous. *In re Lindquist*, 254 Ariz. 594, ¶ 16 (App. 2023). The basis for suspension under § 28-3306(A)(3) is the frequency of violations, not

adjudications. A suspension is appropriate when a driver has "*violated traffic regulations* . . . with such a frequency . . . ." § 28-3306(A)(3) (emphasis added). But the statute permits ADOT to impose this suspension only after a driver is "convicted of or adjudged" to have committed those violations. *Id.*

¶8 We interpret regulations to further the statutory policy contained in the enabling legislation. *Marlar v. State*, 136 Ariz. 404, 411 (App. 1983). Regulation R17-4-404(A) enacts ADOT's statutory authority by requiring ADOT to "assign points to a driver . . . for each violation resulting in a conviction or judgment." Consistent with § 28-3306(A)(3), R17-4-404(A) directs ADOT to assign points for violations, not adjudications, but only violations that result in convictions or judgments. Regulation R17-4-404(E) then requires suspensions of various durations for "a driver who accumulates an excessive amount of points." Specifically, subsection (E)(1)(d) imposes "[a] twelve-month suspension for accumulation of 24 or more points in a thirty-six-month period." A driver "accumulates" points for suspension under R17-4-404(E) on the same basis ADOT must "assign" them under R17-4-404(A). Points are assigned for violations, and a driver therefore accumulates them on the date of each violation. To read the regulation otherwise, so that a driver accumulates points on the date of conviction or judgment, would be inconsistent with § 28-3306(A)(3)'s emphasis on the frequency of violations.

¶9 We therefore agree with the superior court that ADOT correctly interpreted and applied the law to the facts of this case. Because Kaufman committed a series of violations within a thirty-six-month period that accounted for an accumulation of at least twenty-four points, the record supports Kaufman's twelve-month suspension.

## II. Laches

¶10 Kaufman asserts that ADOT had grounds to issue a lesser, six- month suspension under R17-4-404(E)(1)(c) based on points from adjudications up to and including his DUI conviction in December 2008. He argues that ADOT unreasonably failed to act on those points until after his release from prison, and that ADOT is therefore barred from imposing the suspension by the doctrine of laches.

¶11 Kaufman cites the general principle that laches will "bar a claim when the delay is unreasonable and results in prejudice to the opposing party." *Sotomayor v. Burns*, 199 Ariz. 81, ¶ 6 (2000). Kaufman also cites authority from another jurisdiction applying the doctrine of laches to an administrative agency's recovery of overpayments to a contracted service provider, under a set of statutes and administrative codes not

applicable here.  *See Cedars-Sinai Med. Ctr. v. Shewry*, 137 Cal. App. 4th 964 (2006).  But he cites no authority applying the doctrine of laches to an administrative action such as suspension of a driver license.  Absent a statute expressly allowing such a defense, the doctrine of laches generally does not apply to the government in matters affecting the public interest. *State ex rel. Darwin v. Arnett*, 235 Ariz. 239, ¶ 33 (App. 2014).  Applying laches here would adversely impact ADOT's ability to regulate driver behavior and harm the public interest in highway safety.  *See id.* ¶ 35.

**¶12**        Regardless, Kaufman has demonstrated neither unreasonableness nor prejudice.  Section 28-3306(A)(3) authorizes a suspension only when a driver "[h]as been convicted of or adjudged to have violated traffic regulations" with sufficient frequency, which is what happened here.  Moreover, the applicable statutory scheme requires courts to notify ADOT of violations when they result in convictions, not before. *See, e.g.*, A.R.S. §§ 28-1558, 28-1559, 28-3305(B).  Whether ADOT could have imposed a lesser suspension under R17-4-404(E)(1)(c) or any other provision is irrelevant.  Even assuming ADOT had grounds to pursue a lesser alternative sanction, Kaufman has cited no authority to suggest that ADOT's election to pursue a harsher one instead constitutes prejudice in the context of laches.  *See Ritchie v. Krasner*, 221 Ariz. 288, ¶ 62 (App. 2009) (arguments not developed on appeal deemed waived).  Nor has Kaufman developed an argument that a delay in serving his suspension, without more, constitutes prejudice.  *See id.*  We agree with the superior court's conclusion that laches does not bar the suspension.

## III. Excessive Penalty

**¶13**        Finally, Kaufman asserts the twelve-month suspension is excessive because it "made his prison time much harsher," noting that "driving in prison makes prison much easier and offers many privileges." Kaufman cites no authority and does not develop his argument that a twelve-month suspension is "excessive."  We deem the argument waived. *See id.*

## DISPOSITION

**¶14**        We affirm the twelve-month suspension.